**J. V. PERKINS and Another v. FRANK MEILICKE and Others.**[1]

December 8, 1896.

Nos. 10,190—(110).

**Justice of the Peace—Attachment in Other County—Jurisdiction of Person.**

A justice of the peace is authorized by G. S. 1894, § 4955, to issue writs of attachment, directed to the proper officer of any county in the state, for the purpose of causing an attachment of property in said county. But such justice cannot obtain jurisdiction over the person of a party by issuing such a writ, in the form prescribed in section 5092, causing property to be attached, and the writ to be read to such party, in the county to which it is sent for service, and a return of such service made and filed in his office.

[1] Reported in 69 N. W. 220.

**Same—Special Appearance—Answer—Waiver.**

In such a case the defendant, who appears specially before the justice on the return day mentioned in the writ, objects to any further proceedings, and moves to dismiss on the ground that the justice has not obtained jurisdiction over him, does not, after his motion is denied, waive his rights, and make a general appearance, by filing an answer in which he again insists that the court has no jurisdiction, and by taking part in the trial.

Appeal by plaintiffs from a judgment of the district court for Dakota county, in favor of defendants, entered in pursuance of the order of Crosby, J.   Affirmed.

*W. H. De Kay*, for appellants.

*John L. Townley*, for respondents.

COLLINS, J.    1. The justice of the peace, who was a justice for, and holding his office in, Dakota county, could not acquire jurisdiction over the persons of the defendants, all of whom resided in Washington county, by issuing a writ of attachment in the form prescribed by G. S. 1894, § 5092, directed to the sheriff or any constable of said Washington county, by having such writ served by attaching defendants' property, reading the writ to each, and then causing the return of the officer showing these facts to be filed in his office on the return day mentioned in the writ.

The jurisdiction of a justice of the peace is by law (G. S. § 4955) made co-extensive with the limits of the county in which he resides, except in certain cases; one being that he may issue writs of attachment, directed to the proper officer of any county, for the purpose of causing an attachment of property therein.   A justice of the peace is an officer of limited jurisdiction, and he cannot assume power, authority, or jurisdiction not conferred by statute.   It is entirely clear, from the language of section 4955, that the authority to issue writs of attachment, directed to an officer of a county other than that in which the justice resides is limited to the purpose of causing an attachment of property in such county.   In words the statute so prescribes, and, the purpose of the writ being expressly stated, the idea or claim that it can be used for the purpose of obtaining jurisdiction over the person of the defendant, if he is a resident of the county to which the writ is issued, is wholly excluded.

Should we construe the language as contended for by counsel for

appellants, the power would be conferred upon a justice for Houston county, in the southeast corner of the state, to issue a writ of attachment directed to the proper officer of the county of Kittson, in the northwest corner, and by attachment of property and the reading of the writ to a resident of and in the latter county, compel him to defend a suit in a justice's court about 500 miles distant from his place of residence. The language of a statute would have to be very clear and unambiguous before we would give it a construction which would permit such an iniquitous proceeding as the one just mentioned.

2. On the return day of the writ the defendants made a special appearance before the justice, and, objecting to his assuming or exercising any jurisdiction over their persons by reason of the pretended service in Washington county, moved to dismiss the action. This motion was denied, and an exception taken. The defendants then interposed a general denial, by way of answer, but expressly reserved all of their rights as set forth in their special appearance. The justice entered judgment in plaintiffs' favor, and on appeal to the district court on questions of law alone, this judgment was reversed.

It is argued by counsel for appellants (plaintiffs) that, when the defendants filed their answer and proceeded to trial in justice's court, they made a full and unqualified appearance, submitted to the jurisdiction of the court, and barred themselves from any subsequent denial of its jurisdiction over their persons. Much has been written in dealing with the question of waiver of an objection to the jurisdiction of a court over the person of a defendant, and it can truthfully be said that it is extremely difficult to reconcile the views of the courts as they have been expressed in the decisions. We are obliged to admit that, in some of the opinions found in our own reports, the facts have not been made so prominent, nor have the distinctions in the nature of the cases been pointed out, as they should have been. In some instances the language used may have been too general, and perhaps this fact has led plaintiffs' counsel to cite Rheiner v. Union Depot Co., 31 Minn. 289, 17 N. W. 623, and St. Louis Car Co. v. Stillwater St. R. Co., 53 Minn. 129, 54 N. W. 1064, as fully sustaining his position; while defendants' counsel, with equal confidence, calls attention to County of Stearns v. Smith, 25 Minn. 131, and Higgins v. Beveridge, 35 Minn. 285, 28 N. W. 506.

We shall not discuss these cases, although we think they can be

harmonized; for in the one at bar there is a feature which we regard as controlling, and not heretofore considered in any of the cases. It is not an action in which the justice could have acquired jurisdiction of the person by the issuance to and service of another writ in Washington county, in case the motion to dismiss had been granted; but, to the contrary, it is an action in which he could not obtain jurisdiction over the defendants, and any attempt to proceed with new process would have been a flagrant usurpation of judicial powers. He could not issue another writ in proper form, and cause the same to be duly served, as he could have done if the motion to dismiss had been based upon the insufficiency of the writ in some material matter, or as to the method in which service had been made. But he was absolutely powerless to again proceed; had not, and could not obtain, jurisdiction over the persons.

We think there is a clear distinction between the effect of the filing of an answer in such cases by defendants who have theretofore specially appeared, have objected to any attempt on the part of the court to exercise jurisdiction over them, and have resisted so far as possible, and the effect of such filing when the objection to the jurisdiction is based on an objection going more to the form of the process, or the sufficiency of its service within the jurisdiction of the justice. Whatever may be the correct rule in the ordinary action, we are of the opinion that in one like that at bar, where the defendants were not within the jurisdiction of the court at all, where the service was wholly illegal, and by reason of a clear usurpation of power the defendants have been compelled to take some steps to protect their interests, have specially appeared, and have duly presented their objections to any further proceedings, they do not waive their rights, and make a general appearance, by filing an answer in which they again insist that the court has no jurisdiction over them, and then taking part in a trial of the merits. By answering, they do not lose their right to say that they did not withdraw or waive their protest against the jurisdiction of the court over their persons.

Judgment affirmed.