WILLIAM DEERING v. SILAS M. POSTON.

November 13, 1899.

Nos. 11,763—(84).

### Action upon Judgment—Want of Jurisdiction—Pleading.

When, in action upon a judgment, the defendant seeks by way of counterclaim or equitable defense to have the judgment, valid on its face, cancelled and adjudged void, on the ground that the court rendering it never acquired jurisdiction of his person, the answer must state all the facts necessary to constitute a good complaint in an action brought to have the judgment canceled and declared void on the same ground. The answer in this case considered, and *held*, under this rule, not to state a counterclaim or defense.

Action in the district court for Wilkin county to recover $497.45 on a judgment. The case was tried before C. L. Brown, J., and a jury, which rendered a verdict in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Chas. S. Marden,* for appellant.

*Lyman B. Everdell,* for respondent.

MITCHELL, J.

This action was brought May 7, 1898, on a judgment in favor of the plaintiff and against the defendant, alleged to have been duly rendered by the district court of Hennepin county on May 9, 1888, in an action then pending in that court. The answer, as finally amended on the trial, was: (1) A general denial of each and every allegation of the complaint;

(2) "As a counterclaim, defendant specifically denies that any summons in the action described in said complaint was ever served upon him, and that the said district court of Hennepin county ever had jurisdiction of his person in said action";

And (3) a demand that this action be dismissed upon its merits, and that he recover his costs and disbursements therein. To this so-called "counterclaim" plaintiff interposed a reply consisting of a general denial. Upon the trial the defendant was permitted, over plaintiff's objection and exception, to introduce the testimony of himself and wife tending to prove that no summons in the action in the district court in Hennepin county was ever served upon him. One of the objections interposed to this evidence was that it was inadmissible under the pleadings.

This court has held that an action may be maintained to set aside a judgment valid on its face on the ground that the summons was never served on the defendant; that such an action is a direct, and not a collateral, attack upon the judgment. Also, that in an action on the judgment the defendant may, by way of counterclaim and equitable defense, set up facts which would justify a court in canceling the judgment on the ground that the court rendering it never acquired jurisdiction of his person. Vaule v. Miller, 69 Minn. 440, 72 N. W. 452. But, to constitute a good pleading in such a case, the answer must state all the facts necessary to constitute a good complaint in an action brought by the defendant to have the judgment canceled and set aside on the same ground.

The rule is that, where objection to the sufficiency of a pleading is raised for the first time on the trial by way of objection to the

admission of evidence, it should be very liberally construed, and sustained if sufficient facts to constitute a cause of action or a defense can be inferred by any reasonable intendment from its allegations. But, even under this very liberal rule, it seems to us impossible to hold that the second subdivision of this answer states facts sufficient to constitute a cause of action, counterclaim, or defense. If defendant had brought an action to cancel and set aside this judgment, and had alleged in his complaint nothing but what he has alleged in this part of his answer, it certainly could not be successfully maintained that the complaint stated a cause of action. If the evidence could be resorted to to help out the answer, it is possible that the pleading could be sustained. But this is not permissible. The general denial of the allegations of the complaint contained in the first subdivision of the answer does not aid the pleading in this regard. The defendant's counsel himself admits this.

Order reversed, and a new trial granted.