JOHN I. WILLSON v. G. G. PENNOYER and Another.[1]

November 25, 1904.

Nos. 14,109—(105).

**Garnishment.**

    A garnishment proceeding is not an independent action, but is incidental and ancillary to the main action against the defendant.

**Jurisdiction.**

    Construing sections 5308 and 5322, G. S. 1894, the district court in which judgment was originally entered has sole jurisdiction in garnishment proceedings.

[1] Reported in 101 N. W. 502.

Appeal by plaintiff from an order of the district court for Blue Earth county, Lorin Cray, J., denying a motion for judgment against a garnishee and dismissing the garnishment proceedings. Affirmed.

*B. A. Man* and *A. E. Clark,* for appellant.

*H. L. & J. W. Schmitt,* for respondents.

DOUGLAS, J.

It appears a garnishment affidavit was filed in the office of the clerk of the district court of Winona county, in which a judgment had been entered against defendants. Plaintiff caused the usual garnishment summons to be issued in said cause, by the terms of which the garnishee was directed to appear before the clerk of the district court of Blue Earth county and make disclosure as to the existence of personal property alleged to be in her hands belonging to F. W. Pennoyer, one of the defendants. At the hearing said defendant appeared specially for the purpose of objecting to the jurisdiction of the district court of Blue Earth county, and moved to dismiss said proceeding on the ground that the action was pending in the district court of the county of Winona, and not therein. Upon application for judgment in the former court upon the disclosure so taken, said motion was reviewed and sustained. From said order plaintiff appeals.

Section 5308, G. S. 1894, in part provides that a summons may issue in district court requiring the garnishee

> To appear before the court in which the action is pending or the judge or the clerk thereof, or the court commissioner in the county in which the action is pending, at a time and place mentioned therein.

Section 5322, G. S. 1894, further provides that

> No judgment shall be rendered upon the disclosure of a garnishee except by order of the judge of the court in which the action is pending, or in case of his absence or inability to act, by order of a judge of another district.

It has been held in this and other jurisdictions that a garnishment proceeding is not a separate or independent action, but, on the contrary, is incidental or ancillary to the main action against defendant.

S. E. Olson Co. v. Brady, 76 Minn. 8, 78 N. .W. 864; Townsend v. Fleming (Tex. Civ. App.) 64 S. W. 1006; First National v. Dunn, 102 Ala. 204, 14 South. 559; Rood, Gar. § 236.

The fact that the property of the defendants in the hands of the garnishee was situated in Blue Earth county, and that a transcript of the said judgment had been filed therein, does not operate to confer jurisdiction on the district court thereof; neither does the fact that one of the defendants conditionally assigned his interest in such property after the service of the garnishment summons so far deprive him of an interest therein that he is without standing in court. He was still interested in the proceeding as a guarantor of the title so conveyed. It appears the affidavit upon which the garnishment summons was based was filed in the office of the clerk of the district court of Winona county. It follows, under the statutes quoted, the district court of Blue Earth county was without jurisdiction.

Order affirmed.