UNION STONEWARE COMPANY v. JOHN LANG.[1]

March 6, 1908.

Nos. 15,392—(168)

**Justice of the Peace—Jurisdiction.**

> It is a jurisdictional requirement that all actions at law commenced before a justice of the peace be brought in the township, village, or city, as required by subdivision 3, § 4960, G. S. 1894, as amended by chapter 321, Laws 1899.

Action before a justice of the peace, in which defendant Lang appeared specially and moved that the action be dismissed as to him on the ground that the justice had no jurisdiction. The motion was denied, judgment was entered and defendant appealed to the district court for Stearns county. The judgment was reversed, Taylor, J., and from the judgment of reversal plaintiff appealed. Affirmed.

*Gilbert & Greenman,* for appellant.

*James R. Bennett, Jr.,* for respondent.

LEWIS, J.

Chapter 321, p. 409, Laws 1899, amended the third subdivision of section 4960, G. S. 1894, to read as follows: "Nor for an action against an executor, or administrator, as such. Actions must in all cases be brought in the township, village or city where plaintiff or defendant, or one of several plaintiffs or defendants reside, or where any attorney at law, who has been duly admitted to practice in the courts of this state and who represents the plaintiff in the action, resides, or at the county seat. * * *"

[1] Reported in 115 N. W. 271.

In 1905 this action was commenced in the village of Paynesville, Stearns county, before a justice of the peace, and both defendants were properly served with the summons. Defendant Lang appeared specially and moved that the action be dismissed as to him on the ground that the court had no jurisdiction. In support of the motion it was made to appear by affidavit that none of the parties required by the statute resided in the village of Paynesville. The motion was denied, judgment was entered for plaintiff, and defendant Lang appealed to the district court upon questions of law. The judgment of the justice was reversed by the district court, and the plaintiff appealed to this court.

The amendment was to those provisions of the statute having reference to the jurisdiction of justice courts. The legislature has the power to provide in what manner actions shall be begun, and the object of limiting the places for that purpose was to prevent parties from being taken for trial to out-of-the-way and inconvenient localities. The requirements are not unreasonable, and the court has no jurisdiction when the statute has not been complied with. In this case it appears from the return from the justice court to the district court that defendant Lang appeared specially and moved to dismiss the case for want of jurisdiction, and the affidavit presented in support of the motion was sufficient to make out a prima facie case as to the facts.

Affirmed.