### JAMES STEVENSON v. DENNIS MURPHY.[1]

December 18, 1908.

Nos. 15,873—(100).

**Justice of the Peace—Venue of Action.**

Chapter 33, Laws 1895, which provides that all actions at law commenced before a justice of the peace shall be brought in the township where the defendant resides, is a jurisdictional requirement. Union Stoneware Co. v. Lang, 103 Minn. 466.

**Same—Evidence.**

*Held*, the answer is not inconsistent, and it alleges facts sufficient to challenge the jurisdiction of the justice court. It was error to exclude the evidence offered to prove that the action was not commenced in the proper township.

Action in the municipal court of Renville to renew a judgment entered July 24, 1897, a transcript of which was filed in the district court for Renville county. An appeal was taken to the district court for that county where it was tried before Powers, J., who made findings and ordered judgment in favor of plaintiff. From an order denying a new trial, defendant appealed. Reversed.

*J. M. Freeman,* for appellant.
*Bert O. Loe,* for respondent.

[1] Reported in 119 N. W. 47.

LEWIS, J.

The respondent commenced this action in the municipal court of the city of Renville to renew a justice court judgment which had been entered July 24, 1897, and the case was appealed to the district court of that county. The answer contains three defenses: (1) That the summons in the original action was not served upon appellant; (2) that the court did not have jurisdiction, because the action was not brought in the proper township; (3) that the present action to renew the judgment was not brought within ten years from the entry of the original judgment.

At the trial respondent offered in evidence a certified copy of the docket entries of the justice court, which was received without objection. Appellant then offered in evidence what is termed "Exhibit 1," which was a stipulation of admitted facts. That was objected to upon the ground that the same was incompetent, irrelevant, immaterial, and inadmissible under the pleadings, and the objection was sustained. The facts which appellant sought to prove under his answer were: "That said action was not brought at the county seat of said Renville county; that said Stevenson was not at the time said action was commenced, nor has he since been, a resident of Renville county; that the defendant, Murphy, was at said time, and ever since has been a resident of the township of Northfolk, in said county, where there was at said time a duly elected and qualified and acting justice of the peace of said county, which township did not adjoin the village of Renville, nor the township of Emmet wherein said village was situated."

In an action on a justice court judgment, the defendant may, by way of counterclaim, attack the jurisdiction of the court. Vaule v. Miller, 69 Minn. 440, 72 N. W. 452. A general denial of jurisdiction, or of service of the summons, is not sufficient; but the defendant must plead facts sufficient to constitute a cause of action to the same extent as though he had brought an original action attacking the judgment for want of jurisdiction. Deering v. Poston, 78 Minn. 29, 80 N. W. 783. Chapter 33, p. 151, Laws 1895, amended the statute relative to the jurisdiction of justices of the peace (G. S. 1878, c. 65, § 6) by providing: "Actions must in all cases be brought in the township where plaintiff or defendant or one of several defendants reside, or

at the county seat of the county in which the action is brought. * * * If there be no justice in the proper township, qualified or able to try the case, the action may be commenced in any adjoining township in the same county or at the county seat thereof." This act was amended and carried forward into chapter 321, p. 409, Laws 1899; and in Union Stoneware Co. v. Lang, 103 Minn. 466, 115 N. W. 271, it was held that these requirements of the statute were jurisdictional, and that all actions of law commenced before a justice of the peace must be brought in the township, village, or city where the plaintiff or the defendant, or one of several plaintiffs or defendants, resided.

The answer alleges that the action in the justice court was not brought in the township where respondent or appellant resided; that it was not begun before a justice of the peace then residing at the county seat, nor in the township in which respondent and appellant resided, nor in the adjoining township. By these allegations the jurisdiction of the court is put in issue. The facts pleaded were admitted by the stipulation, the evidence was admissible, the answer was not inconsistent, and it was error to sustain the objection.

Reversed.