# MARY A. CREMER v. BERTHA MICHELET and Others.[1]

June 2, 1911.

Nos. 16,990—(121).

**Action to annul judgment.**

An action may be maintained to set aside a judgment upon the ground that no process had been served or jurisdiction acquired in any manner.

**Motion to set aside judgment.**

A different rule prevails in cases where jurisdiction was acquired over a party in the suit in which judgment was obtained. In such case the remedy by motion, under section 4160, R. L. 1905, where applicable, is exclusive, except as to judgments obtained by fraud.

Action in the district court for Becker county to set aside a certain judgment and adjudge plaintiff to be the owner of certain premises. From an order, Hallam, J., overruling the separate demurrer of defendants, except Bettingen, to the complaint, they appealed. Affirmed.

*H. A. Hageman,* for appellants.

*Henry C. James,* for respondent.

SIMPSON, J.

The plaintiff brings this action, as owner of certain vacant land, to have a judgment, in terms affecting her title to said lands, rendered in an action in which she was named as defendant, vacated on the ground that the judgment is void for lack of jurisdiction, and for other relief. A demurrer to the complaint was interposed by the defendants, except Bettingen, on the grounds that the complaint does not state a cause of action and that several causes of action are improperly joined. The demurrer was overruled, and an appeal taken. The second ground of the demurrer was not presented in the court below, nor discussed in this court.

[1]Reported in 131 N. W. 627.

The complaint is claimed to be insufficient, upon the first ground assigned, as to certain defendants, because it alleges that these defendants claim some interest in the land under the judgment; it appearing by the complaint that a transcript of the judgment was filed in the office of the register of deeds of the county in which the land involved is situated more than three years prior to the bringing of the action. The complaint does not, by its allegations, bring these defendants, or the interests in the land alleged to be claimed by them, within the protection of the proviso of section 4160, R. L. 1905: "Provided, that this section shall not apply to a final judgment in an action for a divorce, nor shall any relief granted thereunder affect the title to real estate as determined by any final judgment which shall have been of record in the office of the proper register of deeds for three years next prior to the date of application for such relief, as against any bona fide purchaser or incumbrancer thereof; but this shall not prevent the granting of just and equitable relief against any party to any such action affecting real estate, his heirs or devisees." It does not appear from the complaint that any of the defendants are bona fide purchasers or incumbrancers of the land.

It is further urged by appellants that this action will not lie, because an application to vacate the judgment, under section 4160, R. L. 1905, is the exclusive remedy open to the plaintiff; she being a party defendant in that action. There are two lines of decisions in this state bearing upon the right of a party to the judgment record to institute a separate suit to vacate the judgment. If any conflict appears in these decisions, however, it is not, because of distinguishing features in the different cases, a real conflict.

Wieland v. Shillock, 23 Minn. 227, was an action brought by the plaintiffs to have a judgment vacated because of fraud in its procurement. The plaintiffs in this case were defendants in the suit in which the judgment was obtained, and were duly served with summons therein. It was held that they could not maintain an independent suit to vacate such judgment, but must apply to the court in which the judgment was rendered for this relief under the statute.

In Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310, the

rule of Wieland v. Shillock is referred to as being in accord with authorities generally, and the right to bring a separate action to vacate a judgment obtained by fraud, after jurisdiction acquired, is based on the express authority granted by section 4277, R. L. 1905.

The complaint in Phelps v. Western Realty Co. was before this court for consideration, as reported in 89 Minn. 319, 94 N. W. 1085, 1135. The plaintiff in that case brought an action to vacate a judgment obtained in a former case in which she was an answering defendant. In passing on the sufficiency of the complaint, the court stated: "But if it were possible by the most liberal construction to spell out a cause of action, it is evident plaintiff has mistaken her remedy. This action is brought to set aside the former judgment, and for leave to set up a proper defense therein. Relief should have been sought under G. S. 1894, § 5267, by motion in that action." The rule thus announced is applied in cases where jurisdiction of the parties seeking to vacate the judgment had been acquired in the case in which the judgment was obtained.

In Magin v. Lamb, 43 Minn. 80, 44 N. W. 675, 19 Am. St. 216, it was held that an action may be maintained to set aside a judgment upon the ground that no process had been served or jurisdiction acquired in any manner.

In Vaule v. Miller, 69 Minn. 440, 72 N. W. 452, it is stated: "Whatever question upon the subject there may be in other jurisdictions, it is settled in this state that an action in equity may be maintained to set aside a judgment upon the ground that the summons was never served upon the defendant, and the officer's return of service shown to be false, where the rights of bona fide purchasers under a judgment valid on its face are not involved. Whether such an action could be maintained against such a purchaser we do not decide."

This rule is fully recognized and applied in Deering v. Poston, 78 Minn. 29, 80 N. W. 783, and in Stai v. Selden, 87 Minn. 271, 92 N. W. 6.

By these decisions the law is clearly settled in this state that, as to judgments obtained in suits where jurisdiction of a party was

acquired, such party cannot thereafter institute a separate suit to vacate the judgment, if the relief sought can be obtained by direct application under the statute, except as to judgments procured by fraud; and this for the sufficient reason that, jurisdiction of the party having been acquired in the first suit, he is required to make his defense and obtain his relief, if possible, through a direct application to the court in which the judgment was entered. On the other hand, as to judgments entered in suits where no jurisdiction was acquired, the remedies by a suit to vacate the judgment, or by a direct application under the statute, are cumulative. In such case, jurisdiction of the person never having been acquired in the original suit, he is not bound to make his defense or seek his relief by direct application under the statute to the court in which the judgment was entered.

In the present case the complaint alleges facts showing that no summons was ever served on the plaintiff, and that no jurisdiction was acquired in the action in which the judgment sought to be vacated was entered. Under these conditions, an action may be maintained to set aside the judgment.

The order overruling the demurrer to the complaint is affirmed.