# JOSEPH SUPORNICK v. NATIONAL COUNCIL OF THE KNIGHTS AND LADIES OF SECURITY.[1]

December 24, 1920.

No. 21,849.

**Insurance—abatement of action by death of insured—vacating judgment.**

In an action by a mutual benefit society to cancel its policy of insurance, the court first decided against the society, then ordered an amendment that the insured could pay the unpaid assessments and reinstate the policy. The insured died in March, 1917, and the judgment was entered on December 11, 1917. On December 31, 1917, the former judgment was amended canceling the certificate. The society and the beneficiary knew of the death, but the court did not know of it. The present action was brought by the beneficiary to cancel the judgment of December 31 on the ground that the insured was dead when it was entered. *Held*:

(1) The death of the insured did not abate the action. The beneficiary might have been substituted as defendant or he might have been brought in by the society.

(2) Proceedings had after the death of the insured were irregular and voidable, but not void.

(3) The court had jurisdiction, the evidence was taken during the life of the beneficiary, and the action did not abate. Relief should have been sought in the original action. [Reporter.]

After the former appeal reported in 141 Minn. 306, 170 N. W. 507, the case was tried before Dickson, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion to amend the conclusions of law so as to direct judgment in his favor or for a new trial, plaintiff appealed. Affirmed.

[1] Reported in 180 N. W. 773.

A. J. Hertz and James E. Markham, for appellant.
Harry S. Swensen, for respondent.

PER CURIAM.

Action to vacate a judgment of December 31, 1917, adjudging that a policy of insurance on the life of David Robinovick, in which the plaintiff was the beneficiary, was void, and to recover on the policy. There were findings for the defendant. The plaintiff appeals from the order denying his motion for a new trial. The case was here before on a question of pleading and some of the history of the case may be found in the report of the appeal. 141 Minn. 306, 170 N. W. 507.

On August 10, 1914, the defendant brought an action against Robinovick to cancel the policy. On March 25, 1916, the court filed its decision against the society. On June 3, 1916, the court ordered an amendment to the effect that the assessments on the certificate were unpaid from February, 1910, and directed that when the plaintiff should file a statement that it would accept payment, Robinovick within a reasonable time might pay the assessments and reinstate the policy. Robinovick died March 25, 1917. Judgment was entered to this effect on December 11, 1917. On December 31, 1917, judgment was entered amending the former judgment and canceling the certificate.

This action is brought to set aside the latter judgment. The ground is that Robinovick was dead when it was entered.

The plaintiff's present attorney was the attorney for Robinovick and knew of his death about the time it occurred. The plaintiff had knowledge of it. He employed his attorney to get the insurance a few months later. He did not know of the pendency of the cancelation suit. The defendant society at all times knew of the death of Robinovick. The court did not.

The death of Robinovick did not abate the action. G. S. 1913, § 7685; Kanevsky v. National Council of K. & L. of S. 132 Minn. 422, 157 N. W. 646; National Council of K. & L. of S. v. Weisler, 131 Minn. 365, 155 N. W. 396. The plaintiff Supornick could have been substituted as a defendant or he might have been brought in on application of the society. Proceedings had after the death of Robinovick were irregular and voidable but not void. Hayes v. Shaw, 20 Minn. 355; Stocking v. Hanson, 22 Minn. 542; Poupore v. Stone-Ordean-Wells Co. 132 Minn. 409, 157 N. W. 648.

The evidence was taken during the life of Robinovick. The court had jurisdiction and the action did not abate. Proceedings regularly had during Robinovick's life are not to be held for naught because of his death. Relief should have been sought in the original action. Stocking v. Hanson, 22 Minn. 542; Cremer v. Michelet, 114 Minn. 454, 131 N. W. 627.

Order affirmed.