ROBERT J. MARAS v. D. D. BUTCHART AND ANOTHER.
HARRIS, UPHAM & COMPANY, GARNISHEE.[1]

June 1, 1934.

No. 29,950.

L. H. Dow, for appellant.
Michael S. Bright and Lewis, Hunt & Palmer, for respondents.

I. M. OLSEN, Justice.

Plaintiff appeals from an order setting aside a garnishee summons, the service thereof, and an order made by the district court of St. Louis county appointing the clerk of the district court of Hennepin county as referee to take the disclosure of the garnishee.

The garnishee summons required the garnishee to appear before the clerk of the district court of Hennepin county, at the court-

[1]Reported in 255 N. W. 83.

house in the city of Minneapolis, on a date stated, and required the defendants then and there to appear and take part in the examination. Plaintiff and defendants were residents of St. Louis county, and the action was commenced and pending in the district court of that county. The affidavit of service on the garnishee states that the summons was served "by delivering a copy thereof to W. R. Marsh, auditor and agent of the said garnishee." The affidavit for garnishment names Harris, Upham & Company as the garnishee. Whether this is a partnership or corporation does not appear. As stated in the petition for the order appointing the referee, the garnishee's place of business is in the city of Minneapolis in Hennepin county.

If the garnishee is a private domestic corporation, the summons can be served on the president, vice president, secretary, cashier or treasurer, or a managing agent thereof. 2 Mason Minn. St. 1927, § 9231. An auditor is not named as one upon whom service can be made. An agent, unless he is a managing agent, is not one upon whom service can be made, except in case the party to be served is a foreign corporation.

If the garnishee is a partnership, personal service on one or more of the partners is required. 2 Mason Minn. St. 1927, § 9358.

The return of service of the garnishee summons and the notice thereof to the defendants were defective. Webster Mfg. Co. v. Penrod, 103 Minn. 69, 114 N. W. 257.

It is provided by § 9358 that the garnishee summons "shall require the garnishee to appear before the court in which the action is pending, or the judge or clerk thereof, or a court commissioner of the county in which the action is pending, at a time and place specified therein." A copy of such summons, together with a notice to defendants, stating the time, place, and manner of service on the garnishee, and requiring them to appear and take part in the examination, shall be served on the defendants.

Quite clearly this section requires that the garnishee disclosure be in the county wherein the action is pending. The district court could no doubt appoint a referee to take the evidence and report same to the court where, because of absence or convenience of the

judge and clerk, and no court commissioner being available, it was deemed proper so to do. But the garnishee disclosure should be held in the county where the action is pending. This is in harmony with § 9214 of the statutes, providing that actions shall be tried in the county in which one or more of the defendants reside when the action was begun. Here plaintiff and defendants all were residents of St. Louis county. The statutes favor the trial of causes in the county where defendants reside. The venue may be changed to another county where it is shown that the convenience of witnesses and the ends of justice so require. No change of venue is here involved. Plaintiff's counsel, in his application to have the garnishment disclosure at Minneapolis before the clerk of court in Hennepin county, states, as a cause therefor, that the expense of having the garnishee come to Duluth would be prohibitive. If that be true, the expense of having the defendants and their counsel come from Hibbing and Duluth, in St. Louis county, to Minneapolis to attend the hearing would necessarily be more prohibitive. The order appointing the clerk of court of Hennepin county as referee to hear the matter at Minneapolis was made *ex parte* on application of plaintiff's counsel. Defendants, on receiving information of the order, promptly, on special appearance, moved that the order be vacated and the garnishee summons and service thereof be vacated and set aside, so nothing was waived. It is not necessary here to decide whether the district court could in any case, by order, direct a garnishee disclosure to be had in a different county and different judicial district from that wherein the action was pending. There is no showing here which would justify such an order, and the statute does not provide for any such proceeding.

The case of Willson v. Pennoyer, 93 Minn. 348, 101 N. W. 502, is so similar on the facts as to be applicable.

Because the order was unauthorized and the service of the garnishee summons defective, the trial court was right in vacating the same.

Order affirmed.