## R. C. RADABAUGH AND OTHERS v. H. D. HUDSON MANUFACTURING COMPANY.[1]

March 6, 1942.

No. 33,152.

David L. Grannis, Sr., Kay Todd, and R. H. deLambert, for relators.

Fowler, Youngquist, Furber, Taney & Johnson and Ralph H. Comaford, for respondent.

[1]Reported in 2 N. W. (2d) 828.

PER CURIAM.

A proceeding under the Minnesota business corporation act (Mason St. 1940 Supp. §§ 7492-48, 7492-49) was commenced in the district court of Dakota county for the dissolution of respondent upon petition of numerous stockholders. Incidental thereto they petitioned for the appointment of a temporary receiver with power to carry on respondent's business pending the proceeding and to bring certain actions in its behalf against its officers and directors. Upon affidavit and demand by respondent, the venue was changed to Hennepin county. Petitioners moved to remand to Dakota county, and their motion was denied. *Mandamus* is sought here to compel the remand.

Respondent is a Minnesota corporation organized prior to the enactment, but subject to the provisions, of the Minnesota business corporation act (Mason St. 1940 Supp. §§ 7492-1 to 7492-69N). Its office and principal place of business is in Hennepin county. It has a place of business (its factory), an office, and a resident agent in Dakota county. The nature of its business is referred to in Wm. Warnock Co. Inc. v. H. D. Hudson Mfg. Co. 200 Minn. 196, 273 N. W. 710.

Petitioners claim that they are entitled to maintain the proceeding in Dakota county as a matter of right under Mason St. 1927, § 9214, which provides in part that all actions except those specified in *Id.* §§ 9207 to 9213, inclusive, "shall be tried in a county in which one or more of the defendants reside when the action was begun. * * * A domestic corporation * * * shall be considered as residing in any county wherein it has an office, resident agent or business place."

Respondent claims that the venue is in Hennepin county under District Court Rule 23(a) (175 Minn. xlv), which reads as follows:

"*Receivers.* (a) All actions or proceedings for the sequestration of the property of corporations or for the appointment of receivers thereof, except actions or proceedings instituted by the attorney general in behalf of the state, shall be instituted in the county in which the principal place of business of said corporation

is situated; provided, that if the action is not instituted in the proper county, for the convenience of witnesses and to promote the ends of justice, the venue may be changed by order of court."

Prior to the effective date of the Minnesota business corporation act the venue of proceedings for the dissolution of a corporation was fixed, by Mason St. 1927, § 8015, as the county of the corporation's principal place of business. This section is inapplicable by reason of the Minnesota business corporation act (Mason St. 1940 Supp. § 7492-62). It is quite clear that, because prior to the effective date of the Minnesota business corporation act the general venue statute (Mason St. 1927, § 9214) did not apply to proceedings for dissolution of a corporation, the matter was specifically covered by § 8015. The legislative distinction rests upon the difference between actions in which the parties are arrayed as adversaries and special statutory proceedings which have many characteristics of administration. *Cf.* Midland Nat. Bank v. Hendrickson, 159 Minn. 355, 200 N. W. 17; In re Youths' Temple of Honor, 73 Minn. 319, 76 N. W. 59; Kalkhoff v. Nelson, 60 Minn. 284, 62 N. W. 332. Section 9214 applies exclusively to actions generally. Section 8015 applied only to the special statutory proceeding to which its application was limited by its terms. The fact that § 8015 was rendered inapplicable by the Minnesota business corporation act did not enlarge the scope of § 9214 so as to extend its provision to dissolution proceedings previously not comprehended within its terms. Consequently, the Minnesota business corporation act either left the matter of venue of dissolution proceedings to be governed by general principles of law or rule of court. If Rule 23(a) does not apply, the matter is governed by applicable legal principles. In that event, the venue would be in the county of the corporation's principal place of business. 4 Thompson, Corporations (3 ed.) § 3019. It makes no difference whether we hold that the instant case is governed by the rule of court or the applicable principles of law. In either event, the venue is Hennepin county.

Writ denied.