PAUL C. THOMAS v. HECTOR CONSTRUCTION COMPANY.[1]

No. 33,540.

December 17, 1943.

[1]Reported in 12 N. W. (2d) 769.

*Fred K. Gage* and *G. P. Smith,* for appellant.
*Paul C. Thomas, pro se.*

PETERSON, JUSTICE.

This action was commenced before a justice of the peace of the city of St. Paul, county of Ramsey, wherein both plaintiff and the justice reside, to recover a money judgment *in personam* against defendant, a private domestic corporation. Ancillary to the action, a garnishment proceeding was commenced in which the state highway department, which has its office in the city of St. Paul, was named as garnishee.

Service of the summons in the main action was made on the secretary of state at his office in St. Paul under § 543.08 (§ 9231). Apparently a copy of the garnishment summons was also served on that official, who mailed a copy of the summons in the main action and of the garnishment summons to defendant at Hector, which it received.

Defendant appeared specially and moved to set aside the service of process upon the grounds (1) that it is "located" in the village of Hector, Renville county, Minnesota, wherein all its officers reside, and that it has no place of business outside said county; and (2) that service of the summons upon the secretary of state was unauthorized by law. The justice of the peace overruled the challenges to his jurisdiction and to the validity of the service of the summons on the secretary of state and rendered judgment against defendant. On appeal from the judgment of the justice, the municipal court of the city of St. Paul also overruled the challenges to the jurisdiction and the validity of the service of the summons and made findings against defendant. Defendant appeals.

■ Jurisdiction of justices of the peace is defined by § 530.01 (§ 8993), which reads as follows:

"The jurisdiction of justices of the peace is coextensive with the

limits of the county in which they reside, except in the following cases:

"(1) Writs of attachment may be directed to the proper officer in any county for the purpose of causing an attachment of property therein;

"(2) Garnishee process may run into, and be served on the garnishee in, any county.

"This section shall not affect the jurisdiction of any city justice or justice of the peace under the charter of any city or village situated in two or more counties."

The last sentence of the section has no application here, because the city of St. Paul is not situated in two or more counties. Jurisdiction of actions is governed by the provision that the jurisdiction of a justice of the peace is coextensive with the limits of the county in which he resides. The statute plainly territorially limits jurisdiction of a justice of the peace to the county of his residence. A justice of the peace cannot exercise his power beyond the territorial limits of his county. A summons issued by a justice of the peace is without force or effect outside the county in which he resides. Perkins v. Meilicke, 66 Minn. 409, 69 N. W. 220. Consequently, the justice of the peace in Ramsey county before whom this action was commenced was without jurisdiction of a defendant residing in Renville county, and a summons issued by him could have no force and effect in that county.

■ The exceptions authorizing attachments to be made and garnishment process to be served in other counties relate to attachments and garnishments in actions of which the justice of the peace issuing them has jurisdiction. The plain purpose of these provisions is to provide procedures for the enforcement of the judgments of justices of the peace in counties other than the one in which they were recovered. It is not the purpose thereby otherwise to enlarge the jurisdiction of justices of the peace of actions. In Perkins v. Meilicke, *supra,* we held that, where the defendant resides in a different county than the justice of the peace, the justice of the

peace could not obtain jurisdiction of the defendant by an attachment, for the obvious reasons that a valid attachment can be issued only in an action of which the justice has jurisdiction, and that the justice had no jurisdiction of the action because the defendant was outside his territorial jurisdiction.

Likewise, jurisdiction of a defendant residing in another county cannot be acquired by the institution of garnishment proceedings impounding defendant's property within the county. A garnishment is not an independent action but is a proceeding ancillary to an action. Jurisdiction of a garnishment proceeding depends on jurisdiction of the main action. It is necessary for a court to have jurisdiction of the main action in order to have jurisdiction of a garnishment proceeding ancillary thereto. Willson v. Pennoyer, 93 Minn. 348, 101 N. W. 502. A justice of the peace is without power to issue a garnishment in an action of which he has no jurisdiction. Roberts v. Hickory Camp C. & C. Co. 58 W. Va. 276, 52 S. E. 182. Since jurisdiction of the main action depends on jurisdiction of the defendant and since a justice of the peace has no jurisdiction outside his county, a justice of the peace of the city of St. Paul in Ramsey county could acquire no jurisdiction over a defendant residing in Renville county by the institution of garnishment proceedings impounding property of the defendant.

Jurisdiction outside his county is not conferred on a justice of the peace by the part of § 530.07 (§ 8999), which provides that "actions shall in all cases be brought in the town, village, or city where the plaintiff or defendant, or one of several plaintiffs or defendants, resides, or where an attorney at law licensed to practice in courts of record, representing plaintiff in the action, resides, or at the county seat." The quoted language was adopted as part of an amendment enacted subsequent to the enactment of § 530.01 (§ 8993). The purpose of the amendment was not to expand but to further limit the jurisdiction of justices of the peace to the mentioned localities within the county "to prevent parties from being taken for trial to out-of-the-way and inconvenient localities." Union Stoneware Co. v. Lang, 103 Minn. 466, 115 N. W. 271. The effect of

the language in question is to limit the jurisdiction of a justice of the peace not only to the county wherein he resides but also to the mentioned localities within the county. Stevenson v. Murphy, 106 Minn. 243, 119 N. W. 47. The fact that an action is brought before a justice of the peace in the city wherein plaintiff resides does not confer jurisdiction on the justice of a defendant residing in another county.

■ The special appearance stated that the defendant is "located" in Renville county. A corporation is located where it exercises its corporate powers. Van Tassel (Carter) v. Spring Perch Co. 113 Conn. 636, 155 A. 832; Roedler v. Vandalia Bus Lines, Inc. 281 Ill. App. 520. As used here, "located" means the place where defendant has its place of business.

■ A corporation is deemed to be a "resident" within the purpose and intent of statutes defining the jurisdiction of courts and venue of actions. State ex rel. Oakland M. C. Co. v. District Court, 176 Minn. 78, 222 N. W. 524; 18 C. J. S., Corporations, p. 388, § 8b. Ordinarily, a private domestic corporation "resides" where it has its principal place of business; that is, where it exercises its corporate powers. State ex rel. Ballord-Trimble L. Co. v. District Court, 120 Minn. 99, 139 N. W. 135. Cf. Radabaugh v. H. D. Hudson Mfg. Co. 212 Minn. 180, 2 N. W. (2d) 828. Under § 542.09 (§ 9214), a private domestic corporation, other than certain public service corporations, "shall be considered as residing in any county wherein it has an office, resident agent, or business place." Ceska Farmarska, etc. v. Pavek, 203 Minn. 597, 279 N. W. 747; State ex rel. Minneapolis T. M. Co. v. District Court, 77 Minn. 302, 79 N. W. 960; Schoch v. Winona & St. P. R. Co. 55 Minn. 479, 57 N. W. 208.

Because it has its principal and only place of business there and no office or resident agent elsewhere, defendant is a resident of Renville county. It is outside the territorial jurisdiction of the justice of the peace below. A justice of the peace whose jurisdiction is limited territorially to a county has no jurisdiction of a corporation whose place of business is in another county. Chevrolet Motor Co. v. Landers Chevrolet Co. 183 Ark. 669, 37 S. W. (2d) 873.

■ The provisions of § 543.08 (§ 9231[2]), under which service of the summons was attempted on the secretary of state, read:

"If such domestic corporation have no officer within the state upon whom service can be so made, of which fact the return of the sheriff that none can be found in his county shall be conclusive evidence, service of the summons upon it may be made by depositing two copies thereof with the secretary of state, which shall be deemed personal service upon such corporation. One of such copies shall be filed by such secretary, and the other forthwith mailed by him to the corporation, if the place of its main office be known to him or be disclosed by the files of his office."

While the statute provides that the sheriff's return that no officer of the defendant corporation can be found upon whom service can be made is conclusive evidence that the corporation has no officer in the state upon whom service can be made, we are confronted with the undisputed, actual fact that defendant had officers in Renville county upon whom service could have been made. The constitutionality of the statute so far as it makes the sheriff's return conclusive evidence was questioned in Town of Hinckley v. Kettle River R. Co. 70 Minn. 105, 72 N. W. 835, but we do not pass on that question here, because it has not been raised. The statute makes the sheriff's return conclusive that the corporation has no officer in the state upon whom service can be made, but it does not affect the location of the corporation or the rules relating to jurisdiction and venue. Consequently, we have as the basis for decision the actual fact that defendant is located in Renville county, and the assumed fact that the sheriff's return, that it has no officers in the state upon whom service can be made, cannot be contradicted.

At the outset it should be borne in mind that a domestic corporation is not required to appoint the secretary of state its agent for service of process. Here, so far as appears, there was no such appointment. Consequently, there could be no actual or implied consent to service of process against defendant upon the secretary of state. Neirbo Co. v. Bethlehem Shipbuilding Corp. Ltd. 308

U. S. 165, 60 S. Ct. 153, 84 L. ed. 167, 128 A. L. R. 1437. See discussion in dissent in Babcock v. Bancamerica-Blair Corp. 212 Minn. 428, 437, 4 N. W. (2d) 89, 93.

Likewise, it should be observed that a corporation not assenting to service of process upon it by service upon a public officer is not in fact present at the place where a statute authorizes service upon the officer. The actualities of the case—that the corporation is where it has its principal place of business and that the public officer is at his official office—are to be respected. Garber v. Bancamerica-Blair Corp. 205 Minn. 275, 280, 285 N. W. 723, 726; Washington ex rel. Bond & G. & T. Inc. v. Superior Ct. 289 U. S. 361, 53 S. Ct. 624, 77 L. ed. 1256, 89 A. L. R. 653; Smolik v. Philadelphia & Reading C. & I. Co. (D. C.) 222 F. 148; Restatement, Judgments, §§ 27, 30; Beale, "Conflict of Laws, 1886-1936," 50 Harv. L. Rev. 887, 892-894; Id. note, 1133-1134. In no view was defendant present in Ramsey county, to which the jurisdiction of the justice of the peace below was limited.

The statute authorizes service upon the secretary of state as a "substitute" for personal service upon private domestic corporations in cases where such corporations have no officers who can be found in the state upon whom service can be made. Such service is justified upon the ground that it is the most appropriate and likely means of communicating to the corporation notice of the commencement of the action. Town of Hinckley v. Kettle River R. Co. 70 Minn. 105, 72 N. W. 835, *supra*.

"Personal service" ordinarily means actual delivery of the process to the defendant in person. It is the ordinary method of obtaining jurisdiction over the person of the defendant. "Substituted service," as the term implies, is a substitute for service on the defendant by delivering to him personally a copy of the summons. It is just as good as personal service, but it is, nevertheless, a substitute. Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315, 20 A. S. R. 547, 9 L. R. A. 152; Nelson v. C. B. & Q. R. Co. 225 Ill. 197, 80 N. E. 109, 116 A. S. R. 133, 8 L.R.A.(N.S.) 1186; Grant v. Lawrence, 37 Utah 450, 108 P. 931, Ann. Cas. 1912C, 280. See also Shepherd

v. Ware, 46 Minn. 174, 48 N. W. 773, 24 A. S. R. 212; Schilling v. Odlebak, 177 Minn. 90, 224 N. W. 694.

Statutes providing for substituted service relate simply to service of process as a means of obtaining jurisdiction of the defendant and are not construed as extending or restricting the places where by law an action may be brought. Eickhoff v. Fidelity & Cas. Co. 74 Minn. 139, 76 N. W. 1030; Park Brothers & Co. Ltd. v. Oil City Boiler Works, 204 Pa. 453, 54 A. 334; 9 Fletcher, Cyc. Corp. (Perm. ed.) § 4353.

Section 543.08 (§ 9231), which governs the service of process upon private domestic corporations, is part of the code of civil procedure governing the procedure in civil actions in the district court. There is no comparable section in the chapter relating to justices of the peace. The section relating to the service of summons issued by a justice of the peace (§ 531.04 [§ 9005]) refers to service thereof upon individuals. Section 543.08 (§ 9231), relating to service of process on corporations, is applicable to service of summons issued by a justice of the peace in virtue of § 530.04 (§ 8996), which provides that a justice of the peace, "where no special provision is otherwise made by law," "shall have all the powers possessed by courts of record, and all laws of a general nature shall apply to such justice's court, so far as the same are applicable and not inconsistent with the provisions of this chapter." See Katzenstein v. Raleigh & G. R. Co. 78 N. C. 286; 9 Fletcher, Cyc. Corp. (Perm. ed.) § 4412.

The statute authorizing substituted service on corporations (§ 543.08 [§ 9231]) has the same scope and function in actions before justices of the peace as in those in the district court; subject, however, to the limitations contained in the statute (§ 530.04 [§ 8996]) by which, as a general law, it is adopted and made applicable to justice courts—that is, only so far as such service is applicable and not inconsistent with the provisions of the chapter relating to justices of the peace. The statute defining jurisdiction of justices of the peace is explicit that their jurisdiction shall be coextensive with and limited to the county wherein they reside. In

order to avoid conflict with that jurisdictional provision, § 543.08 (§ 9231), as applied to justices of the peace, must be construed as not enlarging their jurisdiction beyond the counties wherein they reside.

Territorial limitation of jurisdiction of justices of the peace is based upon a deep-seated public policy requiring actions involving small amounts to be tried in the locality where the defendant resides, to protect him against undue expense and the hardship of such litigation. This public policy is underscored by the provisions of § 530.07 (§ 8999), *supra,* further limiting the jurisdiction of justices of the peace by requiring actions to be brought in certain specified localities in the county, to prevent, as we held in Union Stoneware Co. v. Lang, 103 Minn. 466, 115 N. W. 271, *supra,* parties from being taken for trial to out-of-the-way and inconvenient places.

We think that it was not the intention of the legislature, by adopting the provisions of the statute authorizing substituted service, to enlarge the jurisdiction of justices of the peace in such cases so as to extend it beyond the boundaries of the county wherein they reside. In other words, the substituted service was intended to be only a substitute in fact for personal service. In that view, the substituted service can have no different scope and effect than personal service. It can be resorted to only where personal service, if it could be had, would be permissible. It was not intended thereby to enable a justice of the peace to obtain jurisdiction of corporations beyond the boundaries of his county.

If a justice of the peace could obtain jurisdiction over a corporation regardless of its location by such a facile procedure as a sheriff's "Not found," a justice of the peace could obtain jurisdiction of every corporation in the state, regardless of its principal place of business, simply by serving the summons upon the secretary of state, although he could not obtain such jurisdiction if personal service were made upon the corporation. To adopt the analogy used in Perkins v. Meilicke, 66 Minn. 409, 69 N. W. 220, *supra,* if jurisdiction could be obtained by service on the secretary of state, a justice of the peace of Houston county could obtain

jurisdiction over a corporation located in Kittson county, over 500 miles distant, although he could not do so by personal service upon it in the last named county. In addition, it should be borne in mind that a defendant may be required to make at least two, and in certain cases additional, appearances in justice of the peace court. The first appearance is for the purpose of interposing pleadings under § 531.14 (§ 9015), and the second for the trial, § 531.27 (§ 9028). Under §§ 531.27 and 531.29 (§§ 9028 and 9030), further adjournments may be granted by a justice of the peace. In view of the fact that the maximum amount in controversy within the jurisdiction of a justice of the peace cannot exceed $100 (Minn. Const. art. 6, § 8; § 530.05 [§ 8997]), the travel and other expenses, if the supposed jurisdiction were exercised, would cause corporate defendants the same intolerable hardship and inconvenience which, as we pointed out in the Meilicke case, the exercise of similar jurisdiction by personal service would cause individual defendants.

The reasonable construction of the statute is that substituted service is authorized only in cases where a justice of the peace otherwise could obtain jurisdiction by personal service. Adoption of a process statute insofar as it conforms with a court's jurisdiction as defined by statute should not be construed as enlarging the court's jurisdiction as thus defined. Toland v. Sprague, 37 U. S. (Pet.) 300, 9 L. ed. 1093. In the instant case, because defendant is beyond the jurisdiction of the justice of the peace, jurisdiction of the defendant could not be obtained by personal service. Consequently, jurisdiction of it could not be acquired by substituted service by serving a summons on the secretary of state.

The service of the summons should have been set aside when challenged, and the action should have been dismissed. The dismissal of the main action would have carried with it the garnishment. Defendant is entitled to judgment to that effect.

Reversed with directions to dismiss the action, including the ancillary garnishment proceeding.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.

UPON APPLICATION FOR REARGUMENT.

On January 28, 1944, the following opinion was filed:

PETERSON, JUSTICE.

On petition for reargument plaintiff raises the point, for the first time, that the justice of the peace had jurisdiction under § 532.25(5), (§ 9080[5]), which provides that an attachment may issue against the defendant's property within the county where the defendant "resides in another county and more than one hundred miles from the residence of the justice." This statute is part of the "chapter" or "subdivision" as it is called in Minn. St. 1941, §§ 532.24 to 532.36, and in Mason St. 1927, §§ 9079 to 9091, respectively, relating to attachments in justice courts. Section 532.24 (§ 9079) shows that the proceedings are "against the property" of the debtor. In order to obtain the writ, the plaintiff must file the affidavit required by § 532.25 (§ 9080) and give a bond as security as required by § 532.27 (§ 9082). Where property has been attached within the county and the defendant cannot be found therein and resides in another county in the state, § 532.29 (§ 9084) provides for service of the summons upon him in the same manner as a district court summons.

Plaintiff did not proceed under this chapter or subdivision. He did not file the requisite affidavit, without which any proceedings thereunder would be void. Curtis v. Moore, 3 Minn. 7 (29). He did not file any bond, which is prerequisite to the issuance of the writ. 35 C. J., Justices of the Peace, p. 592, § 175. Finally, no writ of attachment was issued. Consequently, jurisdiction cannot be sustained upon the grounds claimed.

The petition for reargument is denied.

MR. CHIEF JUSTICE LORING took no part.

MR. JUSTICE STREISSGUTH took no part in the consideration or decision of this case.