## LEE vs. BUCKHEIT.

*March 11 — March 30, 1880.*

*(1) Appealable order.   (2) Change of venue.*

1. An order striking a cause from the calendar of the circuit court on the ground that it has been removed to another court for trial (the validity of such attempted removal being disputed), is *appealable*.
2. Pending an appeal to this court from an order changing the place of trial of this action, sec. 4980, R. S., took effect, which declares that the party procuring a change of venue shall pay the clerk's fees before the papers are transmitted, and that, "if such transmission be not made within twenty days from the making of the order to change the place of trial, *or the filing of the record of its affirmance on appeal,* * * * such order shall be deemed vacated," etc. *Held*, that this provision is applicable to the order here in question, and is valid.

APPEAL from the Circuit Court for *Dane* County.

In this action, which was on contract, an order was made July 9, 1878, on defendant's motion, changing the place of trial to Jefferson county, under sec. 4, ch. 123, R. S. 1858. An appeal from this order was perfected August 6, 1878; the order was affirmed here February 4, 1879; and the *remittitur* was filed in the circuit court on the 11th of April following. The plaintiff noticed the cause for trial, on the 21st of October, 1879, in the Dane circuit court, and ten days afterwards filed a note of issue with the clerk of said court, who put the cause on the calendar for the November term of that court. No clerk's fees had been paid by the defendant. On the 24th of November, 1879, the court, on defendant's motion, ordered the cause to be struck from the calendar; and plaintiff appealed from the order.

*J. H. Carpenter*, for the appellant, cited secs. 2627, 4980, R. S., and *Kopmeier v. O'Neil*, 47 Wis., 593. As to the right of the legislature to change the remedy, even where it is made more complex or burdensome, he cited *Sydnor v. Palmer*, 32 Wis., 406; *Streubel v. Railroad Co.*, 12 id., 67;

Lee vs. Buckheit.

*Cornell v. Skinner*, 10 id., 487; *Beebe v. O'Brien*, id., 481; *Stocking v. Hunt*, 3 Denio, 274; *Morse v. Goold*, 1 Kern., 281; *Bigelow v. Pritchard*, 21 Pick., 169; *Smith v. Morrison*, 22 id., 430; *Walter v. Bacon*, 8 Mass., 468.

*Harlow Pease*, for the the respondent:

1. The order is not appealable. *In re the Will of Kneeland*, 40 Wis., 344. 2. The order changing the place of trial was based on sec. 4, ch. 123, R. S. 1858 (Tay. Stats., 1423, § 4). Upon making the demand within the time for answering, defendant's right to the change was absolute. *State ex rel. Brownell v. McArthur*, 13 Wis., 407. The making and filing of the order ousted the circuit court for Dane county of jurisdiction to try the action; and such jurisdiction could not be restored except upon consent of the parties. The legislature could not restore it, nor could it impose new conditions and compel defendant to pay for a right which had already vested. *Fisk v. A. & S. Railroad Co.*, 41 How. Pr., 365; *Fisk v. U. P. Railroad Co.*, 6 Blatchf., 380–2, 390–2. Rights had accrued to the defendant, which were not affected by the repeal of the old statutes or the enactment of new provisions relating to similar cases. R. S., sec. 4980.

Cole, J. The ruling in *McLeod v. Bertschy*, 30 Wis., 324, would seem to be decisive upon the question of the appealability of this order. True, in that case the order appealed from denied a motion to strike the cause from the calendar, while here the appeal is from an order striking it from the calendar. But this form of the order can make no difference as to its appealability, when its character is considered. The order was not in the nature of one striking the cause from the calendar merely for the term, but was, in effect, a decision that the court had no jurisdiction of the cause because the venue had been changed. Now, as claimed by the counsel for the plaintiff, if the order changing the venue had in fact been vacated by operation of the statute, and the cause was prop-

erly on the calendar, the order striking it therefrom not only prevented a trial in the circuit court for Dane county, but everywhere else. It is therefore manifest that the order essentially involved the merits of the action, and was appealable.

The question then is, Had the order changing the venue been vacated by reason of the failure of the defendant to pay the clerk's fees within the time limited? Section 2627, R. S., provides that the party procuring the change of venue shall pay the clerk's fees before the papers are transmitted; and it further declares that, "if such transmission be not made within twenty days from the making of the order to change the place of trial, or the filing of the record of its affirmance on appeal, if directly appealed from, unless such time be extended, such order shall be deemed vacated and no change for the same cause thereafter made." There is no pretense that the defendant attempted to comply with this provision, and we have no doubt of its application to the case. Section 4980, R. S.; *Kopmeier v. O'Neil,* 47 Wis., 593. The order changing the venue was affirmed in this court, and the case remitted to the Dane circuit court, April 11, 1879. It was duly noticed for trial at the November term, by the plaintiff, and was properly upon the calendar. The defendant failing to pay the clerk's fees, by the terms of the statute the order changing the venue became vacated, and the jurisdiction of the court over the cause was restored.

But it is claimed by the learned counsel for the defendant, that because the proceedings for changing the place of trial were had under the old statute, the right to such change became absolute, or was in the nature of a vested right, which could not be taken away or affected by any subsequent legislation. This position we deem clearly untenable. That it was competent for the legislature, while the case was pending in this court on appeal from the order, to entirely take away the right to a change, or to modify such right by imposing

terms, as it certainly did do by requiring the party procuring it to pay the clerk's fees within twenty days from filing the *remittitur* of this court in the court below, seems to be a proposition which hardly admits of discussion. It is manifest that such legislation only affects the remedy or proceedings in the cause. The right to a change was given by the statute; and it is a solecism to say that such right, while it is *in fieri,* cannot be affected or changed at the will of the legislature. A vested right surely cannot exist in the proceedings in a cause. It might, with as much propriety, be said that a party had a vested right in the time within which a pleading was to be filed, as to say that he had one in the privilege given by statute to change the place of trial.

It follows, from these views, that the order of the circuit court must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — So ordered.