L. J. CHADBOURNE v. LATHROP E. REED and Others.[1]

June 14, 1901.

Nos. 12,536—(143).

## Striking Case from Calendar—Appeal.

An order striking a case from the calendar for any cause which does not prevent a trial of the action at some future term is not appealable; but where the order is based upon the ground that the cause has been

[1] Reported in 86 N. W. 415.

transferred to another court, and the validity of the attempted removal is disputed, it is appealable.

## Laws 1895, c. 28—Place of Trial.

Laws 1895, c. 28, relating to change of place of trial of actions, construed, and *held* that where, in any action the place of trial of which is designated by statute with reference to the residence of the defendants, there are several defendants residing in different counties, the place of trial must be changed to the county which a majority of the defendants unite in demanding, although the action was brought in a county where one or more of the defendants reside.

Appeal by plaintiff from an order of the district court for Ramsey county, Jaggard, J., striking the cause from the calendar on the ground that the same had been removed to Anoka county. Affirmed.

*A. Y. Merrill,* for appellant.

*Harris Richardson,* for respondents.

START, C. J.

This is an action for conversion of certain logs, and was commenced in the district court of the county of Ramsey. The summons was not served on the defendant Lathrop E. Reed, but it was served upon each of the other defendants, one of whom then resided in the county of Anoka, and the other in the county of Ramsey. They appeared by the same attorneys, and in due time they united in a demand that the place of trial of the action be changed to the county of Anoka. Upon filing this demand, with proof of its service, together with an affidavit showing the residence of the defendants, respectively, the clerk of the district court of the county of Ramsey transmitted all the papers and files in the action on file in his office to the clerk of the district court of the county of Anoka. Thereafter the action was noticed for trial by the plaintiff, and placed upon the calendar of the district court of the county of Ramsey. The defendants then made a motion to strike the case from the calendar on the ground that the place of trial had been changed. The validity of the change was contested. The court made its order granting the motion, and the plaintiff appealed from the order.

1. The defendants suggest that the order is not appealable. It

is clear that an order striking a cause from the calendar merely for the term, because not properly noticed or for other cause, is not appealable, because its effect is simply to postpone the trial. Horicon v. Gorsline, 73 Wis. 196, 41 N. W. 78. Nor is an order refusing to strike a case from the calendar appealable, for it does not put an end to the proceedings, and prevent a judgment from which an appeal can be taken, and the order reviewed on such appeal. Colt v. Vedder, 19 Minn. 469 (539). But where the effect of an order striking a case from the calendar is to prevent its trial at any time in the court making the order, it is appealable as one involving the merits. Starbuck v. Dunklee, 10 Minn. 136 (168); Eastman v. Linn, 20 Minn. 387 (433); Lee v. Buckheit, 49 Wis. 54, 4 N. W. 1077. Such is this case; for the order, in effect, determined that there could be no trial of the action at any time in the district court of the county of Ramsey, because the place of trial had been changed; hence it was appealable. The validity of the attempted change was in dispute, and the courts of the two counties might disagree as to the validity of the transfer of the case, and each strike it from its calendar.

2. The only question on the merits to be considered is whether the place of trial of the action was legally changed to the county of Anoka by the action of the defendants. The answer to this question depends upon the construction to be given to so much of G. S. 1894, § 5188, as amended by Laws 1895, c. 28, as reads thus:

"Where in any action there are several defendants residing in different counties, the action shall be tried in the county upon which a majority of such defendants shall unite in such demand."

The plaintiff claims that this provision refers only to actions which are not commenced in the proper county; that an action may be rightly commenced in any county in which any of the defendants reside; hence this action was commenced in the proper county, and the attempt to change the place of trial was not authorized by the statute. Or, in other words, that it only applies to actions brought in a county where none of the defendants reside.

The provision in question must be read and construed in con-

83 M.—29

nection with all other statutory provisions relating to the venue of actions and the change thereof. Prior to the enactment, by Laws 1895, c. 28, of the clause we have quoted, the statute as to the venue of civil actions provided that certain local actions should be brought in the county where the subject-matter of the action or some part thereof was situated, and that certain transitory actions should be tried in the county where the cause or some part thereof arose. G. S. 1894, §§ 5182–5184. And, further, that all other cases, except where the state was plaintiff, or the action was against nonresidents or foreign corporations or one for the claim and delivery of personal property wrongfully taken, should be tried in the county in which the defendants or any of them resided at the commencement of the action, subject to the power of the court to change the place of trial as provided by law. G. S. 1894, § 5185. The last section cited contains further provisions in regard to the change of the place of trial in cases where the county designated in the complaint is not the proper one for that purpose, among others the following:

"The court may change the place of trial of actions included in this section: * * * provided, that where defendants reside in different counties and appear and answer by different attorneys the action shall, on motion, be transferred to the county agreed on by such defendants, or which is designated by the largest number of defendants who join in an answer."

The statute also provided in what cases and in what manner a change of the place of trial should be had in case the action was not brought in the proper county. G. S. 1894, § 5188.

It is to be noted that sections 5185 and 5188 both deal with the subject of the change of the place of trial, and are in several particulars identical. This arose from indiscriminate amendments of the originals of these sections, which are G. S. 1866, c. 66, §§ 40, 42, respectively. The former, now section 5185, before its amendment, simply declared the place of trial of the actions therein designated, while the latter, now section 5188, only provided when and how the place of trial should be changed. Logically, all amendments relating to a change of the place of trial should have been made to section 5188, and none to section 5185. Therefore all

provisions in each of the sections as amended, relating to a change of the place of trial, are to be read and construed as if they were all one section. Now, it is clear that it was not the legislative intention to include in the amendment of 1895 under consideration all actions of every kind where there are several defendants residing in different counties; otherwise, it would repeal the statutory provisions as to the place of trial of local actions, and other actions where the place of trial is fixed by the statutes without reference to the residence of the defendants or any of them. It is equally clear that the limitation which the plaintiff seeks to place upon the statute is too narrow.

When all of the statutory provisions as to the venue of actions, and a change thereof, to which we have referred, are read together, the application of the provision in question is manifest. It refers to all actions belonging to the class the place of trial of which is designated by the statute with reference to the residence of the defendants, or, in other words, to actions included in section 5185, and to no others. Therefore, where, in any such actions, there are several defendants residing in different counties, the action shall be tried in the county upon which a majority of the defendants shall unite in demanding, whether they appear and answer by separate attorneys or not, as was provided by the statute before the amendment. It follows that the place of trial of this action was legally changed.

Order affirmed.