ROY STEBBINS v. FRIEND, CROSBY & COMPANY.
FRANK KROM v. SAME DEFENDANT.[1]

September 25, 1931.

Nos. 28,687, 28,688.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for plaintiffs (relators below).

*E. E. Eder,* for defendant (respondent below).

PER CURIAM.

In two actions on promissory notes judgments were entered in favor of defendant for $15.50 costs. On motion these judgments were set aside and plaintiffs were allowed to file amended complaints "all upon condition that the plaintiff pay to defendant's attorney the full amount of the balance due on the execution issued on said judgment, together with twenty dollars ($20) costs, and after that is done defendant is allowed twenty (20) days in which to serve his answer." In each case defendant's attorney was tendered $35.50, but he refused to accept and appealed in each case to this court, where the orders were affirmed (178 Minn. 549, 228 N. W. 150) on December 6, 1929. On January 21, 1930, the attorney for defendant satisfied the judgments and receipted for the $20 costs in each case imposed by the orders. Then followed a motion by each plaintiff for judgment for want of answers to the

[1]Reported in 238 N. W. 57.

amended complaints. This motion was denied November 1, 1930, the court considering that the original answers stood as answers to the amended complaints. Plaintiffs noticed the cases for trial, and defendant moved to strike them from the calendar. The motions were denied by orders filed March 20, 1931. Thereafter defendant moved to set aside the orders of March 20 and substitute in place thereof orders striking the cases from the calendar, or in the alternative allowing defendant 20 days in which to answer the amended complaints. The court reversed itself and struck the cases from the calendar. Plaintiffs obtained writs of certiorari to review the orders. Defendant now moves to quash the writ. The two cases were consolidated in this court.

We understand that the required undertakings have now been filed, and facts are sufficiently set forth in the petitions for the writs to determine whether or not certiorari is the proper remedy to secure a consideration by this court of the action of the court below in striking the causes from the calendar. Defendant contends that the orders were appealable. If so, the writs were improvidently granted and should be quashed. Neumann v. Edwards, 146 Minn. 179, 178 N. W. 589, and cases therein cited. The decision upon which defendant chiefly relies is Chadbourne v. Reed, 83 Minn. 447, 86 N. W. 415, wherein an order striking the case from the calendar of Ramsey county district court on the ground that the venue had been changed under the provision of the statute to Anoka county was held appealable as a final order involving the merits. It is clear that by striking from the calendar of Ramsey county on the ground stated the case was forever at an end in the district court of that county, and the order was appealable as a final order. No judgment could be entered from which to appeal. But here the cases are still pending in Dakota county. No judgments can be entered. Upon proper application and showing the court who made these orders might still relieve from the alleged failure to pay the dollar which was lacking in full compliance of the order; or, on review, this court may hold that by satisfying the judgments and receipting for the costs defendant waived the dollar for the sheriff's fees. The case is therefore still for further action in the court

below, and the orders sought to be reviewed are not final so as to be appealable as such.

The motion to quash is denied.