## ROY STEBBINS v. FRIEND, CROSBY & COMPANY.
## FRANK KROM v. SAME DEFENDANT.[1]

February 19, 1932.

Nos. 28,687, 28,688.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for relators.
*E. E. Eder,* for respondent.

PER CURIAM.

Two cases, heard together here, appear for the third time in this court notwithstanding that they have not yet been tried, a situation chargeable almost if not entirely to counsel rather than the court below. The two earlier decisions appear in 178 Minn. 549, 228 N. W. 150, and 184 Minn. 177, 238 N. W. 57. By the latter decision we denied defendant's motion to quash writs of certiorari upon the hearing of which the cases are again presented. The writs bring up orders of the trial court striking the cases from the calendar, upon the ground of plaintiffs' supposed noncompliance with an earlier order conditionally requiring them to pay defendant's attorney "the full amount of the balance due on the execution issued" on the judgments referred to in our last opinion. The two judgments have been paid in full except for an item of two dollars and interest thereon, arising from a charge of a fee of one dollar on each of the two

[1]Reported in 241 N. W. 315.

executions issued. (No levy appears to have been made.) But the judgments were satisfied pursuant to stipulation of counsel. They were discharged of record, and that ended all further obligation of plaintiffs as judgment debtors. The terms imposed were for the benefit of defendant. It was within its power to waive them or any part of them. It appears conclusively, we think, that it waived payment of the paltry two dollars in question. In any event, the executions were made exactly nothing by the satisfaction of the judgments. They thereby became and now remain without force or effect of any kind.

The orders striking the cases from the calendar must be reversed. No statutory costs will be allowed.

So ordered.