STATE EX REL. MARY CLIFFORD v. A. B. GISLASON.[1]

October 21, 1938.

No. 31,945.

*Edwin C. Kraus* and *George T. Havel,* for relator.
*Flor & Reim,* for respondent.

PER CURIAM.

This case comes before us on an application for a writ of *mandamus* to compel the district court of Nicollet county to transfer the venue of the case of Mary Clifford, plaintiff, against the New

[1]Reported in 281 N. W. 769.

Sweden Mutual Fire Insurance Company, a corporation, to Sibley county. This action was a transitory one. The defendant is a domestic corporation, a township mutual fire insurance company, with its place of business at the village of Nicollet in Nicollet county. All of its stockholders' and directors' meetings have been held at its office in that village, where all the records of the corporation have been kept.

The loss which is the subject of the suit occurred in Nicollet county. One of the directors of the corporation lives at Winthrop in Sibley county, and it is claimed that because he so resides and is empowered by the by-laws to solicit applications for insurance and to collect premiums that he is such a resident agent as to constitute Sibley county the proper place of trial for the action.

Neither under the by-laws of the corporation nor under the statutory law of this state do we find that a director acting individually has any greater powers than that possessed by any duly authorized soliciting agent of the corporation. He has no power to make a binding contract of insurance except that applications accepted by him, as by any other authorized soliciting agent, are binding until refused by the proper officers of the corporation. Under such circumstances, we do not regard a director as having any greater powers than a soliciting agent, and we do not regard him as a resident agent within the meaning of 2 Mason Minn. St. 1927, § 9214. We do not think it was the legislative intent by the terms of that statute to fix the place of trial against such a corporation where one of its directors resides. Generally speaking, the corporation defendant is entitled to be sued in the county where its principal place of business is located. State ex rel. Bowen v. District Court, 179 Minn. 583, 229 N. W. 318. The case at bar is to be distinguished from Ceska Farmarska Vzajemne Pojistujici Spolecnost v. Pavek, 203 Minn. 597, 279 N. W. 747, on the facts.

The trial court has specifically found that the defendant does not have an office, resident agent, or place of business in Sibley county, and we think that its finding is supported by the record and that the application for a writ of *mandamus* should be denied.