# BELLE SMITH v. UTAH HOME FIRE INSURANCE COMPANY. BELLE SMITH v. EUREKA SECURITY FIRE & MARINE INSURANCE COMPANY OF CINCINNATI, OHIO.[1]

May 4, 1951.

Nos. 35,549, 35,550.

[1]Reported in 47 N. W. (2d) 785.

*Robb, Robb & Van Eps,* for relators.
*Joseph L. Nathanson,* for respondent.

MATSON, JUSTICE.

Defendants in two transitory actions apply for peremptory writs of mandamus to compel the retention of said actions in Hennepin county for trial.

Plaintiff, a resident of the city of Minneapolis, Hennepin county, brought two separate actions in Anoka county seeking damages for a loss of property located in Hennepin county, a loss which was caused by a fire allegedly covered by insurance policies issued by defendants, which are foreign corporations licensed to do business in Minnesota. Pursuant to M. S. A. 71.18, service on defendants was made through substituted service on the insurance commissioner.

Upon the separate demand of each defendant for a change of venue pursuant to § 542.10 on the ground that the residence of each defendant was in Hennepin county, all papers in the two actions were transferred to that county. Shortly thereafter, upon plaintiff's motion, the Hennepin county district court remanded the actions to Anoka county. Upon alternative writs of mandamus commanding the Hennepin county district court to show cause why it should not retain the actions for trial, the matter is before this court for review.

The controlling issue is whether defendants, foreign insurance corporations, which solicit insurance throughout Minnesota, inclusive of Anoka county, where the actions were brought but where defendants have no general agent, office, or business place, have the right pursuant to §§ 542.09 and 542.10 to demand a change of venue

to Hennepin county, where such corporations are represented by their general agents.

As far as pertinent herein, § 542.09 provides:

"* * * If none of the parties shall reside or be found in the state, or the defendant be a foreign corporation, the action may be begun and tried in any county which the plaintiff shall designate. A domestic corporation * * * shall be considered as residing in any county wherein it has *an office, resident agent, or business place.*" (Italics supplied.)

Section 542.10 gives a defendant, where an action has been brought in the wrong county, the right within 20 days after the service of the summons to make written demand for a change of venue to the proper county.

■ In State ex rel. Twin City & So. Bus Co. v. District Court, 178 Minn. 72, 225 N. W. 915, we overruled certain cases[2] and held that, in order to avoid offending the equal protection clause of U. S. Const. Amend. XIV by unreasonable discrimination against foreign corporations in favor of domestic,[3] § 542.09 must be so construed as to entitle a foreign corporation, sued in the state upon a transitory cause of action in a county where it has no office, resident agent, or place of business, to have the action removed under § 542.10 to a county where "it has an office, resident agent, or business place," thus according it the same treatment as to venue as a domestic corporation. In other words, § 542.09 must be so construed that a foreign corporation stands in the same venue shoes as a domestic corporation. It follows that a corporation, whether domestic or foreign—with exceptions as to certain utilities—for venue purposes *resides in any county wherein it has an office, resident agent, or business place.* See, Thomas v. Hector Const. Co. 216 Minn. 207, 12 N. W. (2d) 769.

---

[2]See, Olson v. Osborne & Co. 30 Minn. 444, 15 N. W. 876; Eickhoff v. Fidelity & Casualty Co. 74 Minn. 139, 76 N. W. 1030.

[3]See, Power Mfg. Co. v. Saunders, 274 U. S. 490, 47 S. Ct. 678, 71 L. ed. 1165.

■ Do the defendant corporations herein reside in either Anoka or Hennepin county? It is admitted that neither defendant has any office or business place in Anoka, but that each defendant has agents therein soliciting insurance. We have heretofore held that an insurance agent residing in the county, who has no powers other than those of soliciting applications and the collecting of premiums, is not a resident agent of a corporate defendant within the meaning of § 542.09, even though such soliciting agent be a corporate director—when as an individual director he has no power to make a binding contract of insurance, except that applications accepted by him, as by any other authorized soliciting agent, are binding until refused by the proper officers of the corporation. State ex rel. Clifford v. Gislason, 203 Minn. 450, 281 N. W. 769. Therefore, neither corporate defendant herein resides in Anoka county for venue purposes.

■ Do defendants, however, reside in Hennepin county by virtue of each having a *general agent* therein? Is a *general agent* of an insurance company a *resident agent* pursuant to § 542.09? The evidence establishes that each defendant was and is represented by a general agent in Hennepin county, but it throws no direct light upon their powers and duties. In the absence of evidence to the contrary, it may be assumed that defendants' general agents possessed the powers usually characteristic of general insurance agents. As distinguished from a soliciting agent, who merely procures applications, forwards them to other officers of the insurer, collects premiums, and delivers policies, a *general agent* is usually one who is authorized to accept risks, to agree upon and settle terms of insurance contracts, to issue policies of insurance, to renew policies,[4] and to change, modify, or vary the terms of existing contracts. In 16 Appleman, Insurance Law and Practice, § 8691, in discussing the test of general agency, it is said:

"* * * That test is whether or not the agent has the power to bind the insurer by his contract of insurance, or to issue policies on

---

[4]See, 44 C. J. S., Insurance, § 150.

his own initiative, or to accept risks, and if the agent has actual authority to do these things, he is a general agent; if he cannot place coverage in effect, but can merely initiate negotiations therefor, he is not a general agent."

The same author in § 8693 says:

"Ordinarily, a general agent of an insurance company stands in its stead in conducting its business, and has authority coextensive with that of the principal. The acts of a general agent are, therefore, the acts of the insurer."[5]

The clear implication of our decision in State ex rel. Clifford v. Gislason, 203 Minn. 450, 281 N. W. 769, is that if the insurance agent there involved had been possessed of the powers of a general agent we would then have held him to be a "resident agent" within the meaning of § 542.09. We so hold. It would indeed be difficult for any corporation, especially a foreign one, to acquire a residence in any county through the presence of a "resident agent" within the meaning of § 542.09 if an agent possessed of the broad managerial and contractual powers of a general insurance agent does not qualify as a "resident agent."

In another statutory sense, by reason of the major business transactions obviously carried on by an insurance company in and through the office of a general agent, his office, even though the rent therefor is not paid for by the insurance company, becomes in effect an office and place of business of such company in the county. While an agent's place of business is not necessarily the place of business of his corporate principal, nevertheless, where major business transactions of the corporate principal are regularly conducted at the agent's place of business and the corporate principal has no other place of business within the county, the agent's place of business also becomes that of his corporate principal within the meaning of

---

[5]See, also, 29 Am. Jur., Insurance, § 96; German Ins. Co. v. Gray, 43 Kan. 497, 23 P. 637, 8 L. R. A. 70, 19 A. S. R. 150. The requirements of a general agent are in many respects similar to those of a managing agent for the purpose of cross-examination under § 595.03. Cf. Pomerenke v. Farmers L. Ins. Co. 228 Minn. 256, 36 N. W. (2d) 703.

§ 542.09. Aetna Ins. Co. v. Brigham, 120 Ga. 925, 48 S. E. 348. See, Chadeloid Chemical Co. v. Chicago Wood Finishing Co. (C. C.) 180 F. 770.

Since the defendant corporations for the purpose of venue did not reside in Anoka county, but were residents of Hennepin county, the actions should be retained in Hennepin county for trial.

Let peremptory writs of mandamus issue as prayed.

Writs granted.