# WILBUR GULBRANDSON AND ANOTHER v. EMPIRE MUTUAL INSURANCE COMPANY.[1]

March 9, 1956.

No. 36,819.

*I. L. Swanson,* for relators.
*Meighen, Sturtz & Peterson,* for respondent.

DELL, CHIEF JUSTICE.

Petition for a writ of mandamus commanding the Honorable Warren F. Plunkett, judge of the District Court of Freeborn County, to set aside his order denying plaintiffs' motion to remand the above causes from the District Court of Freeborn County to the District Court of Grant County from which they had been removed by demand of defendant made pursuant to M. S. A. 542.09 and further commanding him to remand them to the latter jurisdiction for trial or to show cause why a peremptory writ should not issue. The present proceedings are in response to an order to show cause issued here in connection therewith.

The issues involved in both actions being similar, only the action brought by Wilbur Gulbrandson is discussed herein. The complaint in such action alleged that the parties had entered into an insurance contract in Grant County, effective on June 28, 1955, 12 o'clock noon,

[1]Reported in 75 N. W. (2d) 593.

whereunder defendant had agreed to insure plaintiff against loss by reason of hail damage to certain crops growing upon described land in Grant County; that such contract had been entered into on behalf of defendant through H. A. Strand of Elbow Lake in Grant County who was then defendant's resident agent in Grant County; that on June 28, 1955, about 9 p. m., and again on July 4, 1955, plaintiff had sustained losses to such crops by reason of hail damage; that due notices thereof had been given defendant in accordance with the provisions of the insurance contract; that on July 6, 1955, defendant's agents, A. P. Anderson and Sidney Anderson of Alexandria, on behalf of defendant had agreed to pay plaintiff in settlement for such losses the sum of $2,509.40; and that thereafter on July 25, 1955, defendant had advised plaintiff that it would pay him nothing for his losses either under the described settlement agreement or otherwise under the insurance contract.

In affidavits made in support of its demand for change of venue to Freeborn County pursuant to § 542.09 and in resistance to plaintiff's subsequent motion to remand the case to Grant County, defendant affirmed that it is a Minnesota corporation, maintaining its only Minnesota office or business place at Albert Lea in Freeborn County, where all of its officials reside; that at no time did it have a resident agent in Grant County; that under its bylaws and under the terms of the application which became part of the policy, as well as under the terms of the insurance contract, the latter became effective only upon its execution by defendant's officers which took place in Albert Lea, Freeborn County, on June 29, 1955, and which was subsequent to the June 28, 1955, loss claimed by plaintiff; and that hence the cause of action, if any, arose in Freeborn County and the district court of that county constituted the proper court for the trial thereof.

Plaintiff's motion to remand the case back to Grant County is based upon the ground that his cause arose in that county. This contention in turn is based upon his claims (1) that the insurance contract was executed there; (2) that the hail damage to his crops occurred there; and (3) that payment for his losses was required to be made there. In support thereof, plaintiff relies upon § 542.09, as

amended by L. 1955, c. 614, which provides that an action may be instituted either in the county in which one or more of the defendants reside, or in the county *in which the cause of action or some part thereof arose.* It is the order denying this motion that gives rise to the present proceeding.

Both parties make reference to the convenience of their proposed witnesses, but since the motion to remand is based solely upon the ground that the cause or some part thereof arose in Grant County, questions relative to convenience of witnesses are not before us.

■ As above indicated the right to institute an action in the county in which it or some part of it arose is covered by amendment to § 542.09, enacted by L. 1955, c. 614, not previously construed by this court. It appears clear from the language thereof that actions in which a domestic corporation is named as party defendant may be instituted either in any county in which the defendant has an office, resident agent, or business place; or, at plaintiff's option, in the county in which the cause or some part of it arose, even though the defendant may have no office, resident agent, or place of business there. 92 C. J. S., Venue, § 10.

■ Under statutes similar to § 542.09, as now amended, it has been held that actions under insurance contracts may arise in counties other than that in which the contract for insurance was executed or in which the insurers maintained their places of business, resident agents, or offices. Thus, it has been held that an action under a life insurance contract may accrue in the county in which the insured's death takes place, Johnston v. Progressive L. Ins. Co. 239 Mo. App. 184, 192 S. W. (2d) 649; that a cause under a policy covering poliomyelitis may arise in the county in which the insured was stricken with the disease, Commonwealth L. Ins. Co. v. Hutson (Okl.) 271 P. (2d) 722; and that an action under a fire policy may arise in the county in which destruction of the insured property by fire occurs, Moherstadt v. Newman Motor Cars, 204 Mo. App. 619, 217 S. W. 591. Likewise, it has been held that the county in which payment of a loss claimed under an insurance contract is to be made may constitute the county in which the action arises. Travelers F.

Ins. Co. v. Ranney-Davis Merc. Co. (10 Cir.) 173 F. (2d) 844; State ex rel. Webster Mfg. Co. v. Risjord, 201 Wis. 26, 229 N. W. 61.

█ Here, even though it be assumed that defendant could establish that its only office or place of business was in Freeborn County; that the Strands were not its resident agents in Grant County; and that the insurance contract did not become effective until June 29, 1955, it is nevertheless true that plaintiff's loss occurred in Grant County and that at least that part thereof which was alleged to have occurred on July 4, 1955, arose there while the contract was in effect. These facts being undisputed, or creating issues upon which plaintiff should be entitled to submit evidence, it follows that, under § 542.09, as amended, and in line with the above decisions, he was authorized to institute his action in Grant County, and that hence the court was in error in denying his motion to remand it thereto.

Let the peremptory writ issue as prayed for.