LEONA A. DONOVAN v. L. C. DIXON AND OTHERS.

99 N. W. (2d) 783.

November 27, 1959—No. 37,954.

Gordon Rosenmeier, John E. Simonett, King & Flora, and Frank L. King, for relators.

Bradford & Kennedy and C. W. Kennedy, for respondent.

MATSON, JUSTICE.

Alternative writ of mandamus to compel the trial court to grant a change of venue from Todd County to Hennepin County.

The specific issue to be considered is whether, in a transitory action involving several defendants residing in different counties, a majority of such defendants, under M. S. A. 542.10, have the right to obtain a change of venue upon demand to a county of their own selection not only in actions commenced in an improper county, but also in actions commenced in a proper county within the meaning of § 542.09 as amended by L. 1955, c. 614.

Plaintiff commenced an action in Todd County against defendants as directors or officers of the Consumers Mutual Insurance Company, a corporation, to recover money paid for the purchase of so-called guar-

anty fund certificates of said corporation which she alleges were negligently or illegally sold to her. The cause of action arose in Todd County since the certificates were issued, and the consideration for them paid, in that county. It appears that at the time of the transaction all defendants except two were residents of Todd County. At the time of the commencement of the action four defendants were residents of Todd County, one of Hennepin, one of Stearns, and one of Crow Wing County.

The action was commenced on September 1, 1959, but service was not obtained on one of the defendants until September 5, 1959. On September 14 all defendants joined in a demand for a change of venue to Hennepin County. When such demand was not honored by the clerk of the Todd County District Court, defendants, appearing specially, moved the district court at the call of the calendar on October 5, 1959, for an order striking the action from the October general term calendar on the ground the venue was in Hennepin County and for a further order requiring the clerk to transfer the files to Hennepin County. The motion was denied and defendants then filed this petition for mandamus.

Defendants assert they are entitled to a change of venue as a matter of right pursuant to § 542.10, which reads in part:

"*If the county designated in the complaint is not the proper county,* the action may notwithstanding be tried therein unless, within 20 days after the summons is served, the defendant demands in writing that it be tried in the proper county. This demand * * * shall be filed with the clerk in the county where the action was begun * * * and thereupon the place of trial shall be changed to the county where the defendant resides without any other proceedings. *If there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding or, if the numbers be equal, in that whose county-seat is nearest.*" (Italics supplied.)

Plaintiff, however, takes the position that the right of a majority of multiple defendants residing in different counties to unite in demanding a change of venue to a county of their selection is limited strictly to

actions in which "the county designated in the complaint is not the proper county." In other words plaintiff asserts that the first twelve words of § 542.10 qualifies the last sentence above quoted. Plaintiff urges that since under § 542.09 the County of Todd is the proper county, defendants cannot obtain a change of venue as a matter of right under § 542.10. Section 542.09 (as amended by L. 1955, c. 614), in so far as here pertinent, reads:

"All actions not enumerated in sections 542.02 to 542.08 *and section 542.095*[1] shall be tried in a county in which one or more of the defendants reside when the action is begun *or in which the cause of action or some part thereof arose.*" (Italics supplied to indicate change effected by 1955 amendment.)

Prior to the adoption of the 1955 amendment (L. 1955, c. 614) to § 542.09, it is clear that a majority of multiple defendants had, under § 542.10, the unquestioned right to obtain a change of venue to a county of their own selection even though the action had been originally commenced in a proper county. We so held in Chadbourne v. Reed, 83 Minn. 447, 86 N. W. 415. At the time of that decision, § 542.10 appeared as G. S. 1894, § 5188 (as amended by L. 1895, c. 28), in substantially the same wording as today. In view of the holding in the Chadbourne case, which has never been modified and which we consider sound and applicable today, there is no merit in plaintiff's contention unless the 1955 amendment of § 542.09 has *modified the venue rights of multiple defendants under § 542.10.* Before the 1955 amendment was adopted, § 542.09 provided that all actions (not enumerated in certain sections which are here inapplicable) shall be tried in a county where one or more of the defendants reside. L. 1955, c. 614, merely expanded the proper place of trial to include in the alternative any county "in which the cause of action or some part thereof arose." This amendment obviously did nothing more than give the plaintiff an additional choice of county in which he might properly bring his action. There is absolutely nothing in the amend-

---

[1]Sections 542.02 to 542.08 and 542.095 have no application to the action involved herein.

ment which indicates a legislative intent to amend § 542.10 so as to modify the rights of a majority of multiple defendants to obtain a change of venue to a county of their own selection. If the legislature had so intended, it undoubtedly would have expressly amended § 542.10 and not merely expanded the definition of a proper county in § 542.09.

We therefore hold that despite the amendment of § 542.09 by L. 1955, c. 614, a majority of defendants residing in different counties are, in a transitory action, entitled under § 542.10, as a matter of right, to a change of venue to a county of their own selection, and such right to a change of venue exists whether the action was originally commenced in a proper or in an improper county.[2]

Under the facts of this case, we see no merit in the contention that defendants are barred from obtaining a change of venue by laches. . Let peremptory writ of mandamus issue in accord with this opinion.

---

[2]See, Dworsky v. Herbst, 254 Minn. 295, 95 N. W. (2d) 19; Gulbrandson v. Empire Mutual Ins. Co. 246 Minn. 523, 75 N. W. (2d) 593.