## ORAL HALLIWILL, SPECIAL ADMINISTRATOR OF ESTATE OF DAN G. HALLIWILL, v. MUTUAL SERVICE CASUALTY INSURANCE COMPANY.

100 N. W. (2d) 817.

January 29, 1960—No. 37,981.

*Field, Arvesen & Donoho,* for relator.
*Bradford & Kennedy,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Alternative writ of mandamus to the District Court of Ramsey County commanding it to vacate its order remanding the action to Wadena County; and to try the action in Ramsey County, or show cause why a peremptory writ of mandamus should not issue therefor.

The facts giving rise to this proceeding are as follows: Plaintiff, as special administrator of the estate of Dan G. Halliwill, his deceased son, commenced an action against the Mutual Service Casualty Insurance Company in the County of Wadena to recover a money judgment under the medical-pay provision and collision-coverage clause of an insurance policy issued by defendant. Plaintiff's son was fatally injured while a passenger in a car which became involved in an accident near Algona, Iowa, on or about March 14, 1959. The insurance policy purportedly covered the car. The deceased's body was sent back to Wadena for burial where additional funeral expenses were incurred and paid by plaintiff. Plaintiff, through his counsel, submitted a claim to defendant under the medical-pay and collision provisions of the policy. The claim was denied through a letter to plaintiff's counsel at Wadena on the grounds that material facts were misrepresented at the time of the application for insurance and therefore the policy was void. Thereafter, plaintiff commenced his action in Wadena County.

Pursuant to M. S. A. 542.10, defendant demanded a change of venue to the county of its residence; i. e., Ramsey County. Plaintiff then moved the District Court of Ramsey County for an order to remand the action to Wadena County upon the grounds that under § 542.09, as amended by L. 1955, c. 614, (1) the cause of action, or

·some part thereof, arose in Wadena County, or (2) the defendant has an office, or resident agent, or a business place in Wadena County.

Pursuant to the motion, an order was entered remanding the action to the District Court of Wadena County. The memorandum accompanying the order indicates that a part of the cause of action arose in Wadena County, therefore under § 542.09 the action was in the first instance properly brought in that county and defendant was not entitled to a change of venue under § 542.10.

We agree with the district court that part, if not all, of the cause of action did arise in Wadena County and therefore the action was properly commenced there. This court held in Gulbrandson v. Empire Mutual Ins. Co. 246 Minn. 523, 75 N. W. (2d) 593, that under § 542.09 an action may be instituted on an insurance contract where part of the cause of action arose even though insurer corporation had no office, place of business, or resident agent in that county, and irrespective of whether the insurance contract was accepted by the insurer in that county.

A cause of action is, in short, a violation of a legal right. 15 Dunnell, Dig. (3 ed.) § 7528d. In the instant case plaintiff submitted a claim through his counsel to the insurance company by correspondence, and that claim was denied by the insurance company by a letter to said plaintiff's counsel in Wadena, the residence of the plaintiff. The insurance policy under which the claim was submitted is silent as to the place of payment, as indicated in the brief filed on behalf of the insurance company.

This court has not been specifically confronted with the issue presented here. However, in Travelers Fire Ins. Co. v. Ranney-Davis Merc. Co. (10 Cir.) 173 F. (2d) 844, an action by an insured against the insurer, the court held that where the insurance policy was silent as to where payment of loss was to be made, payment was presumably to be made at the principal place of business of the insured, which is where the breach of the obligation to pay occurred. That breach brought into being the cause of action. See, also, Shearer v. Farmers Life Ins. Co. 106 Kan. 574, 577, 189 P. 648, 650.

We believe the same principle is applicable to the instant case and

that the cause of action did arise in Wadena County. In view of our decision it is unnecessary to discuss whether the action was properly initiated in Wadena County because the insurance company maintained a resident agent, an office, or a place of business in that county.

Alternative writ of mandamus discharged.