## HARRY A. ANDERSON v. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY AND ANOTHER.

106 N. W. (2d) 369.

November 18, 1960—No. 38,249.

*Moonan & Moonan* and *Ralph T. Lilly,* for relators.

*Robins, Davis & Lyons* and *George M. Kenealey,* for respondent.

NELSON, JUSTICE.

Alternative writ of mandamus to the District Court of Ramsey County commanding it to vacate its order remanding this action to the District Court of Morrison County or show cause why the same should not be done. This action was commenced in Morrison County and was thereafter, upon demand of defendants for change of venue, transferred to Ramsey County for trial pursuant to Minn. St. 542.10 upon the ground that the residence of each of defendants was in Ramsey County. Thereafter, upon plaintiff's motion, the Ramsey County District Court remanded the action to Morrison County for trial.

Defendants assert that they are entitled to a change of venue as a matter of right pursuant to § 542.10 which reads as follows:

*"If the county designated in the complaint is not the proper county,* the action may notwithstanding be tried therein unless, within 20 days after the summons is served, the defendant demands in writing that it be tried in the proper county. This demand \* \* \* shall be filed with the clerk in the county where the action was begun \* \* \* and thereupon the place of trial shall be changed to the county where the defendant resides without any other proceedings. *If there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding or, if the numbers be equal, in that whose county-seat is nearest.* \* \* \*" (Italics supplied.)

Plaintiff has taken the position that the contract entered into between plaintiff and defendants, under which plaintiff acted as an insurance agent, was breached by the defendants in Morrison County, or that at least part of it was breached in said county, and that therefore Morrison County is the place wherein the cause of action or some

part of it arose; that § 542.09, as amended by L. 1955, c. 614, is controlling; and that defendants therefore cannot obtain a change of venue to Ramsey County as a matter of right. Section 542.09, as amended by L. 1955, c. 614, reads as follows:

"All actions not enumerated in sections 542.02 to 542.08 *and section 542.095* shall be tried in a county in which one or more of the defendants reside when the action is begun *or in which the cause of action or some part thereof arose.* * * *" (Italics indicate change effected by 1955 amendment.)

Plaintiff contends that § 542.10 applies only when the action has been originally commenced in an improper county and that it does not apply in the instant case because at least some part of the cause of his action arose in Morrison County and that therefore under § 542.09, as amended, his action was commenced in a proper county.

Defendants take the position that the insurance agency contract, which is the subject of the action, is between the company and one of its soliciting agents; that it was accepted by the defendant insurance company at their home office in the State of Wisconsin; and urge that since the agent served herein was but a soliciting agent the situation is controlled by Smith v. Utah Home Fire Ins. Co. 234 Minn. 169, 172, 47 N. W. (2d) 785, 788, wherein this court held:

"* * * We have heretofore held that an insurance agent residing in the county, who has no powers other than those of soliciting applications and the collecting of premiums, is not a resident agent of a corporate defendant within the meaning of § 542.09, even though such soliciting agent be a corporate director—when as an individual director he has no power to make a binding contract of insurance, except that applications accepted by him, as by any other authorized soliciting agent, are binding until refused by the proper officers of the corporation. State ex rel. Clifford v. Gislason, 203 Minn. 450, 281 N. W. 769."

It is clear in view of the Smith case that the county of the residence of a soliciting agent would not satisfy § 542.09 for venue purposes prior to the 1955 amendment thereto. After the 1955 amendment the

distinction between a soliciting agent and a resident agent was not the sole controlling factor since the plaintiff might thereafter begin his action in a county in which the cause of action or some part thereof arose.

In Gulbrandson v. Empire Mutual Ins. Co. 246 Minn. 523, 75 N. W. (2d) 593, it was held that under § 542.09, as amended, an action on an insurance contract might be instituted in the county where part of the cause of action arose, even though the insurer had no office, resident agent, or place of business in that county and, further, that it did not matter whether the insurance contract was actually executed in that county. While the contract here involved is not an insurance policy but an agreement between the insurance company and its agent, it is nevertheless logical to assume that the same venue rules apply.

We cannot enter into the merits of the dispute between plaintiff and defendants as set forth in the complaint, but it seems quite clear that plaintiff's cause of action, if sustained by competent proof, would establish that the insurance agency contract was breached at least in part in the county where the plaintiff commenced the action and that the cause of action at least in part arose in that county.

In Halliwill v. Mutual Service Cas. Ins. Co. 257 Minn. 252, 100 N. W. (2d) 817, where a writ of mandamus to compel change of venue was considered, part of the cause of action arose in the county where the plaintiff commenced the action. A single defendant desired to change the venue to the county of its residence. The court held that the writ should not issue compelling trial of the action in another county as the action was brought in a proper county where part of the cause of action arose.

Prior to the amendment of § 542.09 the plaintiff was required to bring his action in the county of the residence of one of the defendants. If, however, there were several defendants residing in different counties, they could then unite and change to a county which the majority might choose as the place of trial pursuant to § 542.10. When § 542.09 was amended in 1955 it gave to the plaintiff an additional proper county in which to commence his action, that is, where the cause of an action or a part thereof arose. The Halliwill and

other cases have held that a single defendant cannot change the venue if the plaintiff has brought his action in a county where all or part of the cause of action arose.

Section 542.10, which was not amended, still provides that "[i]f there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding or, if the numbers be equal, in that whose county-seat is nearest."

The briefs of both relators and respondent labor the point as to the right of multiple defendants to change the venue as being wholly dependent upon the action's being brought either in an improper or proper county. As early as Chadbourne v. Reed, 83 Minn. 447, 86 N. W. 415, this court held that multiple defendants residing in different counties had the right to obtain a change of venue to the county of their own selection, even though the action had originally been commenced in a proper county.

Mr. Justice Matson in Donovan v. Dixon, 257 Minn. 4, 6, 99 N. W. (2d) 783, 785, said:

"Prior to the adoption of the 1955 amendment (L. 1955, c. 614) to § 542.09, it is clear that a majority of multiple defendants had, under § 542.10, the unquestioned right to obtain a change of venue to a county of their own selection even though the action had been originally commenced in a proper county. * * * Before the 1955 amendment was adopted, § 542.09 provided that all actions (not enumerated in certain sections which are here inapplicable) shall be tried in a county where one or more of the defendants reside. L. 1955, c. 614, merely expanded the proper place of trial to include in the alternative any county 'in which the cause of action or some part thereof arose.' This amendment obviously did nothing more than give the plaintiff an additional choice of county in which he might properly bring his action."

It was further stated in the Donovan case that there is absolutely nothing in the amendment which indicates a legislative intent to amend § 542.10 so as to modify the rights of the majority of multiple defendants to obtain a change of venue to a county of their own selection.

It was therefore held in the Donovan case that despite the amendment of § 542.09 by L. 1955, c. 614, *a majority of defendants residing in different counties are, in a transitory action,* entitled under § 542.10, as a matter of right, to a change of venue to a county of their own selection and that such right to a change of venue exists whether the action was originally *commenced in a proper or improper county.* In connection with that holding Mr. Justice Matson cited Dworsky v. Herbst, 254 Minn. 295, 95 N. W. (2d) 19, and Gulbrandson v. Empire Mutual Ins. Co. 246 Minn. 523, 75 N. W. (2d) 593.

In the instant case we have a situation where there are multiple defendants, but those defendants reside in the same county, and the plaintiff has brought his action in a county where it appears that the cause of action or a part thereof arose. If the plaintiff can, pursuant to the allegations of his complaint, sustain his position by competent proof that the agreement was breached in some part in the County of Morrison then of course at least a part of the cause of action arose therein. For this court to hold in such a situation that multiple defendants residing in the same county have the right to change the venue under § 542.10 would render the amendment to § 542.09 inoperative. We are bound to reach the conclusion that the defendants have not satisfied § 542.10 since they admit of being residents of the same county. Having reached this conclusion it seems clear that the cases construing these statutes are in complete harmony.

By stipulation between the parties it has been agreed that this decision shall also govern the mandamus proceeding, No. 38,248, concerning an action in Carlton County by Lars J. Strom against the same defendants.

The alternative writ of mandamus issued herein must be discharged.

KNUTSON, JUSTICE (concurring specially).

I concur in the result. It does seem to me, however, that an anomalous situation has been created by the adoption of L. 1955, c. 614, amending Minn. St. 542.09, and leaving § 542.10 as it was prior to the amendment. As these sections are construed in Donovan v. Dixon, 257 Minn. 4, 99 N. W. (2d) 783, it now follows that if an action is

commenced against one defendant, or multiple defendants all living in the same county, they have no right to demand a change of venue if some part of the action arose in the county in which it was commenced. However, if such action is brought against multiple defendants and one of them happens to live in a different county from the others, they may demand a change of venue to that county upon which the majority agree. As applied to this case, inasmuch as both defendants have their residence in Ramsey County, they can do nothing. However, if one of the defendants had its residence in Ramsey County and the other in Hennepin County, they could unite in a demand for a change of venue to either county. It does not seem right to me that multiple defendants should have a right to select the place of trial simply because they happen to live in different counties when that right is denied to multiple defendants living in the same county or to a single defendant. However, we are controlled by the statute as it is, and if this anomaly is to be corrected, it is up to the legislature to do so.

DELL, CHIEF JUSTICE (concurring specially).

I also concur in the opinion of Mr. Justice Knutson.

LOEVINGER, JUSTICE (concurring specially).

I concur in the opinion of Mr. Justice Knutson as well as in the opinion of the court.