## FIRST NATIONAL BANK IN MOORHEAD v. F. M. DISTRIBUTORS, INC., AND OTHERS.

124 N. W. (2d) 506.

November 15, 1963—No. 39,259.

*Garrity, Cahill & Gunhus* and *James E. Garrity,* for relator.
*Christensen, Johnson, O'Brien & Doherty* and *John J. Doherty,* for respondents.

NELSON, JUSTICE.

Alternative writ of mandamus to compel the District Court of Hennepin County to remand an action to the District Court of Clay County and to compel that court to accept said remand and to hear, try, and determine said action.

Plaintiff is the owner and holder of a promissory note dated November 5, 1962. The maker of the note is F. M. Distributors, Inc., a North Dakota corporation having its place of business in Fargo, North Dakota. The maker of the note signed the note in Moorhead, Minnesota, in Clay County. The defendant Wayne R. Robideau endorsed the

note in Moorhead. The note was then sent to the First Produce State Bank in Minneapolis where defendant Walton H. Pyre endorsed the note; according to plaintiff, defendant Thomas B. Wilson took possession of the note at the First Produce State Bank in Minneapolis and transported the note to Moorhead where he endorsed the note and delivered it to plaintiff. The consideration for the note was delivered in Moorhead. The note, by its terms, states that it will be paid at plaintiff's banking house in Moorhead.

The promissory note was in the original amount of $9,000. On February 8, 1963, $5,000 was paid on principal. Notwithstanding repeated demands, neither the maker nor any of the endorsers paid the unpaid principal balance of $4,000, and plaintiff commenced this lawsuit in Clay County against the maker and all endorsers.

Within 20 days after service of summons and complaint upon them, defendants Pyre and Wilson filed an affidavit and demand for automatic change of venue to Hennepin County under the provisions of Minn. St. 542.10 on the ground that they are both residents of Hennepin County. Immediately upon being made aware of the demand, plaintiff addressed a motion to the District Court of Clay County asking it to retain the file in Clay County. The clerk of the District Court of Clay County forwarded the file to Hennepin County upon being informed by the district judge of Clay County that all proceedings would have to be addressed to the District Court of Hennepin County. Thereafter, plaintiff moved the Hennepin County District Court to remand the case to Clay County on the ground that the cause of action arose there and that one of the defendants resides there. This motion was denied.

Since 1955, Minn. St. 542.09 has read in part as follows:

"All actions not enumerated in sections 542.02 to 542.08 *and section 542.095* shall be tried in a county in which one or more of the defendants reside when the action is begun *or in which the cause of action or some part thereof arose*. If none of the parties shall reside or be found in the state, the action may be begun and tried in any county which the plaintiff shall designate." (Italics indicate new matter inserted by amendment approved April 20, 1955.)

Section 542.10 was amended by L. 1961, c. 13, § 1, to read as follows:

"If the county designated in the complaint is not the proper county, the action may notwithstanding be tried therein unless, within 20 days after the summons is served, the defendant demands in writing that it be tried in the proper county. This demand shall be accompanied by the affidavit of the defendant, or his agent or attorney, setting forth the county of his residence at the time of the commencement of the action. This demand and affidavit, with proof of service thereof upon the plaintiff's attorney, shall be filed with the clerk in the county where the action was begun within 30 days from the date of its service and thereupon the place of trial shall be changed to the county where the defendant resides without any other proceedings. *If the county designated in the complaint is not the county in which the cause of action or some part thereof arose and* if there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding or, if the numbers be equal, in that whose county seat is nearest. When the place of trial is changed all other proceedings shall be had in the county to which the change is made, unless otherwise provided by consent of parties filed with the clerk or by order of the court and the papers shall be transferred and filed accordingly. When a demand for a change of the place of trial is made as herein provided the action shall not for any of the reasons specified in section 542.11 be retained for trial in the county where begun, but can be tried therein only upon removal thereto from the proper county in the cases provided by law." (Italics indicate new matter inserted by amendment approved February 18, 1961.)

In Donovan v. Dixon, 257 Minn. 4, 6, 99 N. W. (2d) 783, 785, Mr. Justice Matson, speaking for this court, said:

"Prior to the adoption of the 1955 amendment (L. 1955, c. 614) to § 542.09, it is clear that a majority of multiple defendants had, under § 542.10, the unquestioned right to obtain a change of venue to a county of their own selection even though the action had been originally commenced in a proper county. We so held in Chadbourne v. Reed,

83 Minn. 447, 86 N. W. 415. At the time of that decision, § 542.10 appeared as G. S. 1894, § 5188 (as amended by L. 1895, c. 28), in substantially the same wording as today. In view of the holding in the Chadbourne case, which has never been modified and which we consider sound and applicable today, there is no merit in plaintiff's contention unless the 1955 amendment of § 542.09 has modified the venue rights of multiple defendants under § 542.10. Before the 1955 amendment was adopted, § 542.09 provided that all actions (not enumerated in certain sections which are here inapplicable) shall be tried in a county where one or more of the defendants reside. L. 1955, c. 614, merely expanded the proper place of trial to include in the alternative any county 'in which the cause of action or some part thereof arose.' This amendment obviously did nothing more than give the plaintiff an additional choice of county in which he might properly bring his action. *There is absolutely nothing in the amendment which indicates a legislative intent to amend § 542.10 so as to modify the rights of a majority of multiple defendants to obtain a change of venue to a county of their own selection. If the legislature had so intended, it undoubtedly would have expressly amended § 542.10 and not merely expanded the definition of a proper county in § 542.09."* (Italics supplied.)

Thus, this court held that despite the amendment of § 542.09 in 1955 a majority of defendants residing in different counties were, in a transitory action, entitled under § 542.10, as a matter of right, to a change of venue to a county of their own selection whether the action was originally commenced in a proper or in an improper county, and that such right continued to exist because there was no indication of a legislative intent to amend § 542.10. The decision in the Donovan case was filed November 27, 1959, and § 542.10 was amended as indicated above by the 1961 session of the legislature, no doubt because of what this court had said in that case.

In Anderson v. Farmers Mutual Auto. Ins. Co. 259 Minn. 118, 106 N. W. (2d) 369, there were multiple defendants residing in the same county. Plaintiff brought his action in another county where it appeared that the cause of action or some part thereof arose. In disposing of the

Anderson case we said in effect that for this court to hold under the existing circumstances that defendants in that case had the right to change of venue under § 542.10 would render the 1955 amendment of § 542.09 inoperative. Three members of this court joined in a special concurring opinion in which the following statement was made (259 Minn. 124, 106 N. W. [2d] 373): "[W]e are controlled by the statute as it is, and if this anomaly is to be corrected, it is up to the legislature to do so." The opinion in the Anderson case was filed November 18, 1960, only a few months prior to the 1961 amendment of § 542.10. We made the following comment in the Anderson case (259 Minn. 123, 106 N. W. [2d] 372):

"* * * we have a situation where there are multiple defendants, but those defendants reside in the same county, and the plaintiff has brought his action in a county where it appears that the cause of action or a part thereof arose. If the plaintiff can, pursuant to the allegations of his complaint, sustain his position by competent proof that the agreement was breached in some part in the County of Morrison then of course at least a part of the cause of action arose therein. For this court to hold in such a situation that multiple defendants residing in the same county have the right to change the venue under § 542.10 would render the amendment to § 542.09 inoperative. We are bound to reach the conclusion that the defendants have not satisfied § 542.10 since they admit of being residents of the same county. Having reached this conclusion it seems clear that the cases construing these statutes are in complete harmony."

It has been the general policy of the law in this state that actions be brought and tried in the county in which defendant resides. This right, of course, is denied a defendant when the legislature has clearly and unequivocally manifested such an intent. Therefore, a party seeking to bring an action against a defendant in a county other than the latter's residence must establish his right to do so, and the burden of establishing such an exception is on the party depending upon it. Yellow Mfg. Acceptance Corp. v. Zimmerman, 265 Minn. 303, 121 N. W. (2d) 586.

Section 542.10 as it now stands is clearly in harmony with § 542.09

on the right of the plaintiff to bring its action in the county where the cause of action or some part of it arose.

The promissory note upon which this action was brought was in default and was due on demand payable at the banking house of plaintiff in Moorhead. Clearly, the note shows a contractual duty on the part of the makers to make payment at Moorhead as therein provided. The place of payment having been fixed therein and not changed, it must, for all purposes, so remain. The endorsers of the note subscribe to the following form of guarantee:

"For value received, I hereby guarantee the payment of the within note at maturity or at any time thereafter, *and hereby agree and consent to all the stipulations contained therein.*" (Italics supplied.)

That fact in itself disposes of the contention of the defendants Pyre and Wilson that they endorsed the note at Minneapolis, where they reside, and that the cause of action against them therefore arose in Hennepin County. See what this court has had to say on that issue in Halliwill v. Mutual Service Cas. Ins. Co. 257 Minn. 252, 100 N. W. (2d) 817; Yellow Mfg. Acceptance Corp. v. Zimmerman, *supra.*

Under §§ 542.09 and 542.10, as they now stand, and under the facts of this case, plaintiff is entitled to a remand of its action to Clay County for trial on the ground that the cause of action or some part thereof arose in said county.

Let peremptory writ of mandamus issue.